FILED

SEND

2006 APR 14  AM 11: 34

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | | |
|---|---|---|
| DAVID GROBER, | ) | Case No. CV 04-08604 SGL(Mcx) |
| Plaintiff, | ) | STANDING ORDER |
| v. | ) | |
| MAKO PRODUCTS, INC., AIR SEA LAND PRODUCTIONS, INC., CINEVIDEOTECH, INC., SPECTRUM EFFECTS, INC., DOES 1-10, | ) ) ) ) ) | |
| Defendants. | ) | |

**READ THIS ORDER CAREFULLY.  IT CONTROLS THE CASE
AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES**.

This action has been assigned to the calendar of Judge Stephen G. Larson.
Both the Court and the attorneys bear responsibility for the progress of litigation in
the Federal Courts.  To secure the just, speedy, and inexpensive determination of
every action, Fed. R. Civ. P. 1, all counsel of record are ordered to familiarize
themselves with the Federal Rules of Civil Procedure and the Local Rules of the
Central District of California.

IT IS HEREBY ORDERED:

DOCKETED ON CM

APR 14 2006

BY_____ 075

1      **1.**    <u>**Service of the Complaint**</u>:  The Plaintiff shall promptly serve the

2  Complaint in accordance with Fed. R. Civ. P. 4 and file the proofs of service pursuant

3  to Local Rule 5-3.1.

4      **2.**    <u>**Presence of Lead Counsel**</u>:  Lead trial counsel shall attend all

5  proceedings before this Court, including all status and settlement conferences.

6  Failure of lead trial counsel to appear for those proceedings without express leave of

7  court is a basis for sanctions.

8      **3.**    <u>**Discovery:**</u>  All discovery matters have been referred to a United States

9  Magistrate Judge (see initial designation following the case number) to hear all

10  discovery disputes.  The words "DISCOVERY MATTER" shall appear in the caption

11  of all documents relating to discovery to insure proper routing.  Counsel are directed

12  to contact the Magistrate Judge Courtroom Deputy Clerk for the assigned Magistrate

13  Judge to schedule matters for hearing.

14      The decision of the Magistrate Judge shall be final, subject to modification by

15  the District Court only where it has been shown that the Magistrate Judge's order is

16  clearly erroneous or contrary to law.

17      Any party may file and serve a motion for review and reconsideration before

18  this Court.  The party seeking review must do so within ten (10) days of service upon

19  the party of a written ruling or within ten (10) days of an oral ruling that the

20  Magistrate Judge states will not be followed by a written ruling.  The motion must

21  specify which portions of the text are clearly erroneous or contrary to law and the

22  claim must be supported by points and authorities.  A copy of the moving papers and

23  responses shall be delivered to the Magistrate Judge's clerk for review upon the filing

24  of the required documents.

25      Unless there is a likelihood that upon motion by a party the court would order

26  that any or all discovery is premature, it is advisable for counsel to begin to conduct

27  discovery actively before the Scheduling Conference.  At the very least, the parties

28

1  shall comply fully with the letter and spirit of Fed. R. Civ. P. 26(a) and thereby obtain

2  and produce most of what would be produced in the early stage of discovery, because

3  the Court will impose tight deadlines to complete discovery at the Scheduling

4  Conference.

5         If expert witnesses are to be called at trial, the parties shall designate experts to

6  be called at trial and provide reports required by Fed. R. Civ. P. 26(a)(2)(B) not later

7  than eight (8) weeks prior to the discovery cutoff date.  Rebuttal expert witnesses

8  shall be designated and reports provided as required by Fed. R. Civ. P. 26(a)(2)(B)

9  not later than five (5) weeks prior to the discovery cutoff date.  Failure to timely

10 comply with this deadline may result in the expert being excluded at trial as a

11 witness.

12     **4.**   **Motions:**

13         **(a)**   **Time for Filing and Hearing Motions:**  Motions shall be filed in

14 accordance with Local Rules 6-1 and 7-2, etc.[1]  This Court hears motions on

15 Mondays, commencing at 10:00 a.m.  No supplemental brief shall be filed without

16 prior leave of Court.  Conformed courtesy copies of opposition and reply papers shall

17 be delivered to the courtesy box on the wall outside the entrance to Courtroom No.

18 One, located on the Second Floor of the U.S. Courthouse, 3470 Twelfth Street,

19 Riverside, California, **by 4:00 p.m. on the date due.**  Many motions to dismiss or to

20 strike could be avoided if the parties confer in good faith (as they are required to do

21 under L.R. 7-3), especially for perceived defects in a complaint, answer, or

22 counterclaim which could be corrected by amendment. See Chang v. Chen, 80 F.3d

23 1293, 1296 (9th Cir. 1996) (where a motion to dismiss is granted, a district court

24

25         [1]   Among other things, Local Rule 7-3 requires counsel to engage in a pre-filing

26 conference "to discuss thoroughly . . . the substance of the contemplated motion and any
   potential resolution."  Counsel should discuss the issues sufficiently so that if a motion is

27 still necessary, the briefing may be directed to those substantive issues requiring resolution
   by the Court.  Counsel should resolve minor procedural or other nonsubstantive matters

28 during the conference.

1 | should provide leave to amend unless it is clear that the complaint could not be saved

2 | by *any* amendment). Moreover, a party has the right to amend its complaint "once as

3 | a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P.

4 | 15(a). A 12(b)(6) motion is not a responsive pleading for purposes of Rule 15(a) and

5 | therefore plaintiff might have a right to amend. <u>See</u> <u>Nolen v. Fitzharris</u>, 450 F.2d

6 | 958, 958-59 (9th Cir. 1971); <u>St. Michael's Convalescent Hospital v. California</u>, 643

7 | F.2d 1369, 1374 (9th Cir. 1981). Even where a party has amended its Complaint

8 | once, or where a responsive pleading has been served, the Federal Rules provide that

9 | leave to amend should be "freely given when justice so requires." Fed.R.Civ.P.

10 | 15(a). The Ninth Circuit requires that this policy favoring amendment be applied

11 | with "extreme liberality." <u>Morongo Band of Mission Indians v. Rose</u>, 893 F.2d 1074,

12 | 1079 (9th Cir. 1990). These principles require that counsel for the plaintiff should

13 | carefully evaluate the defendant's contentions as to the deficiencies in the complaint

14 | and, in many instances, the moving party should agree to any amendment that would

15 | cure a curable defect.

16 | In the unlikely event that motions under Fed. R. Civ. P. 12 challenging

17 | pleadings are filed after the Rule 16 Scheduling Conference, the moving party shall

18 | attach a copy of the challenged pleading to the Memorandum of Points and

19 | Authorities in support of the motion.

20 | The foregoing provisions apply as well to motions to dismiss a counterclaim,

21 | answer, or affirmative defense that a plaintiff might file.

22 | **(b)    Length and Format of Motion Papers:  Memoranda of Points**

23 | **and Authorities in support of or in opposition to motions shall not exceed 25**

24 | **pages.  Replies shall not exceed 12 pages.** Only in rare instances and for good cause

25 | shown will the Court grant an application to extend these page limitations.

26

27

28

1     Typeface shall comply with Local Rule 11-3.1.1.  If Times Roman font is used,

2 the size must be no less than 14; if Courier is used, the size must be no less than 12.

3 Footnotes shall be in typeface no less than one size smaller than text size

4

5 and shall be used sparingly.

6     Filings that do not conform to the Local Rules and this Order will not be

7 considered.

8     **(c)**    **Citations to Case Law:**  Citations to case law **must** identify not

9 only the case being cited, but the specific page being referenced.  Certain kinds of

10 authority are considered more useful - or authoritative - than others.  If more than one

11 authority is cited in support of a proposition, these supporting authorities are to be

12 listed such that the more authoritative ones appear first.

13     **(d)**    **Citations to Statutory Sources:**  Counsel are reminded that the

14 basic purpose of a legal citation is to allow the reader to locate a cited source

15 accurately and efficiently.  Accordingly, statutory references should identify, with

16 specificity, which sections and subsections are being referenced (e.g., Jurisdiction

17 over this cause of action may appropriately be found in 47 U.S.C. § 33, which grants

18 the district courts jurisdiction over all offenses of the Submarine Cable Act, whether

19 the infraction occurred within the territorial waters of the United States or on board a

20 vessel of the United States outside said waters).  Statutory references which do not

21 indicate specifically which section and subsection are being referred to (e.g.,

22 Plaintiffs allege conduct in violation of the Federal Electronic Communication

23 Privacy Act, 18 U.S.C. § 2511, et seq.) are to be **avoided**.  Citations to treatises,

24 manuals, and other materials should similarly include the volume and the section

25 being referenced.

26     **(e)**    **Citations to Other Sources:**  Parties offering evidence in support

27

28

1  of, or in opposition to, a motion (notably a Rule 56 motion) must cite to specific page

2  and line numbers in depositions and paragraph numbers in affidavits.  Furthermore,

3  such evidence must be authenticated properly.  The Court directs the parties to

4  become familiar with Orr v. Bank of America, NT & SA, 285 F.3d 764 (9th Cir.

5  2002).

6         **(f)**    **Courtesy Copies:**  Counsel shall deliver a conformed courtesy

7  copy of all opposition and reply papers in motion matters to the courtesy box on the

8  wall outside the entrance to Courtroom No. One, located on the Second Floor of the

9  U.S. Courthouse, 3470 Twelfth Street, Riverside, California, **by 4:00 p.m. on the**

10  **date due.**

11         **(g)**    **Limits on Motions**

12         **(1) Motions for Summary Judgement or Partial Summary**

13  **Judgement:**  No party may file more than one motion pursuant to

14  Fed. R. Civ. P. 56 regardless of whether such motion is denominated as a motion for

15  summary judgment or summary adjudication.

16         **(2) Motions in Limine:**  No party may file more than five

17  motions in limine.

18      **5.**    **Proposed Orders:**  Each party filing or opposing a motion or seeking

19  the determination of any matter shall serve and lodge a Proposed Order setting forth

20  the relief or action sought and a brief statement of the rationale for the decision with

21  appropriate citations.  If the Proposed Order exceeds two pages, the proposing party

22  shall also submit the document on a 3½-inch diskette compatible with WordPerfect

23  7.0 or higher.

24      **6.**    **Ex Parte Applications:**  Counsel are reminded that ex parte applications

25  are solely for extraordinary relief.  See Mission Power Engineering Co. v. Continental

26  Casualty Co., 883 F. Supp. 488 (C.D. Cal. 1995).  Applications which fail to conform

27  with Local Rules 7-19 and 7-19.1, **including a statement of opposing counsel's**

28

1   **position,** will not be considered. Any opposition must be filed not later than 24 hours

2   after service. If counsel do not intend to oppose the <u>ex parte</u> application, counsel

3   must inform the court clerk by telephone. The Court considers <u>ex parte</u> applications

4   on the papers and usually does not set these matters for hearing.

5   Counsel shall deliver a conformed courtesy copy of moving, opposition, or notice of

6   non-opposition papers to the courtesy box outside the entrance to Courtroom No. 1,

7   located on the Second floor of the U.S. Courthouse, 3470 Twelfth Street, Riverside,

8   California. The courtroom deputy clerk will notify counsel of the Court's ruling or a

9   hearing date and time, if the Court determines a hearing is necessary.

10          **7.**   <u>**Applications or Stipulations to Extend the Time to File any**</u>

11   <u>**Required Document or to Continue any Pretrial or Trial Date:**</u> No stipulations

12   extending scheduling requirements or modifying applicable rules are effective until

13   and unless the Court approves them. Both applications and stipulations must be filed

14   in advance of the date due and set forth:

15          (a)    the existing due date or hearing date as well as the discovery

16   cutoff date, the last date for hearing motions, the pre-trial conference date and the

17   trial date;

18          (b)    specific, concrete reasons supporting good cause for granting the

19   extension; and

20          (c)    whether there have been prior requests for extensions, and

21   whether these were granted or denied by the Court.

22          **8.**   <u>**TROs and Injunctions:**</u> Parties seeking emergency or provisional relief

23   shall comply with Fed. R. Civ. P. 65 and Local Rule 65. The Court will not rule on

24   any application for such relief for at least 24 hours after the party subject to the

25   requested order has been served; such party may file opposing or responding papers

26

27

28

1    in the interim. [2]   The parties shall lodge a courtesy copy, conformed to reflect that it

2    has been filed, of all papers relating to TROs and injunctions.  The courtesy copy

3    shall be placed in the courtesy box outside the entrance to Courtroom No. One,

4    located on the Second floor of the U.S. Courthouse, 3470 Twelfth Street, Riverside,

5    California.  All such papers shall be filed "loose" - - i.e., not inside envelopes.

6        **9.    Cases Removed From State Court:**  All documents filed in state court,

7    including documents appended to the complaint, answers, and motions, must be

8    refiled in this Court as a supplement to the Notice of Removal, if not already

9    included.  See 28 U.S.C. § 1447(a)(b).  If the defendant has not yet responded, the

10   answer or responsive pleading filed in this Court must comply with the Federal Rules

11   of Civil Procedure and the Local Rules of the Central District.  If a motion was

12   pending in state court before the case was removed, it must be re-noticed in

13   accordance with Local Rule 6-1.

14       **10.   ERISA Cases:**  Absent an agreed upon statement of facts, the court will

15   not hear motions for summary judgment, but will hear motions to determine the

16   standard of review and the scope of the administrative record.  See Kearney v.

17   Standard Insurance Co., 175 F.3d 1084 (9th Cir. 1999).  There will be a court trial

18   (usually confined to oral argument) on the administrative record.

19       **11.   Status of Fictitiously Named Defendants:**  This Court intends to

20   adhere to the following procedures where a matter is removed to this Court on

21   diversity grounds with fictitiously named defendants referred to in the complaint.

22   (See 28 U.S.C. §§ 1441(a) and 1447.)

23

24

25

26       [2]    Local Rule 7-19.2 - Waiver of Notice.  If the Judge to whom the application is
27   made finds that the interest of justice requires that the ex parte application be heard without
     notice (which in the instance of a TRO means that the requisite showing under Fed.R.Civ.P.
28   65(b) has been made) the judge may waive the notice requirement of L.R. 7-19.1.

1          (a)     Plaintiff is normally expected to ascertain the identity of and serve

2   any fictitiously named defendants within 120 days of the removal of the action to this

3   Court.

4          (b)     If plaintiff believes (by reason of the necessity for discovery or

5   otherwise) that fictitiously named defendants cannot be fully identified within the

6   120-day period, an ex parte application requesting permission to extend that period to

7   effectuate service may be filed with this Court.  Such application shall state the

8   reasons therefor, and may be granted upon a showing of good cause.  The ex parte

9   application shall be served upon all appearing parties, and shall state that appearing

10  parties may comment within seven (7) days of the filing of the ex parte application.

11         (c)     If plaintiff desires to substitute a named defendant for one of the

12  fictitiously named parties, plaintiff first shall seek to obtain consent from counsel for

13  the previously-identified defendants (and counsel for the fictitiously named party, if

14  that party has separate counsel).   If consent is withheld or denied, plaintiff may apply

15  ex parte requesting such amendment, with notice to all appearing parties.  Each party

16  shall have seven calendar days to respond.  The ex parte application and any response

17  should comment not only on the substitution of the named party for a fictitiously

18  named defendant, but on the question of whether the matter should thereafter be

19  remanded to the Superior Court if diversity of citizenship is destroyed by the addition

20  of the new substituted party.  See 28 U.S.C. § 1447(c)(d).

21      **12.   Communications with Chambers:**  Counsel shall not attempt to contact

22  the Court or its chambers staff by telephone or by any other ex parte means, although

23  counsel may contact the courtroom deputy, at (951) 328-4464, with appropriate

24  inquiries.  To facilitate communication with the courtroom deputy, counsel should list

25  their facsimile transmission numbers along with their telephone numbers on all

26  papers.

27

28

1    **13.    Notice of this Order:**  Counsel for plaintiff shall immediately serve this

2    Order on all parties, including any new parties to the action.  If this case came to the

3    Court by noticed removal, defendant shall serve this Order on all other parties.

4

5

6

7    **14.    Internet Site:**  Counsel are encouraged to review the Central District's

8    Website for additional information.[3]  The address is "http://www.cacd.uscourts.gov."

9

10    IT IS SO ORDERED.

11    Dated:  April 14, 2006

12

13

14    STEPHEN G. LARSON
      UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20    _____

21    [3] Copies of the Local Rules are available on our website at
     "http: //www.cacd.uscourts.gov" or they may be purchased from one of the following:

22
      Los Angeles Daily Journal
23    915 East 1st Street
      Los Angeles, California  90012
24
      West Publishing Company
25    610 Opperman Drive
      Post Office Box 64526
26    St. Paul, Minnesota  55164-0526

27    Metropolitan News
      210 South Spring Street
28    Los Angeles, California  90012