Robert J, Lauson, Esq., No. 175,486
 bob@lauson.com
Edward C. Schewe, Esq., No. 143,554
 ed@lauson.com
LAUSON & SCHEWE LLP
1600 Rosecrans Avenue, 4th Floor
Manhattan Beach, California 90266
Tel  (310) 321-7890
Fax (310) 321-7891

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| DAVID GROBER and VOICE INTERNATIONAL, INC., A California Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>MAKO PRODUCTS, INC; AIR SEA LAND PRODUCTIONS, INC.; CINEVIDEOTECH, INC.; SPECTRUM EFFECTS, INC. ; JORDAN KLEIN, SR., JORDAN KLEIN, JR., BLUE SKY AERIALS, INC. OPPENHEIMER CAMERA, INC., and, DOES 1-10, inclusive.<br><br>Defendants. | CASE NO.:  CV 04-08604 SGL(OPx)<br><br>*SECOND-AMENDED, CONSOLIDATED* COMPLAINT FOR PATENT INFRINGEMENT, DECLARATORY JUDGMENT<br><br>JURY TRIAL DEMANDED |

As authorized by the Court, Plaintiffs file their second-amended, consolidated complaint against Defendants, and allege as follows:

## JURISDICTION AND VENUE

1. This is an action under 35 U.S.C. §§ 271 et seq. for patent infringement. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) as a federal question arising under the Patent Laws of the United States. This Court has personal jurisdiction over Defendants under the appropriate provisions of California law because they engaged in displaying and offering for sale or rental the MakoHead stabilizing platform system (MakoHead) in this judicial district.

2. This is an action under 28 U.S.C. §§ 2201 and 2202 whereby Plaintiff, David Grober, seeks declaratory relief as well as further relief that he has not defamed or slandered Defendant, has not unlawfully interfered with or caused any damages to Defendant or Defendant's business and that his actions were at all times lawful and/or privileged. The Court also has subject matter jurisdiction over this action under its diversity jurisdiction pursuant to 28 USC § 1332(a) because the matter in controversy exceeds the sum of $75,000 and is between citizens of different states.

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b) because Defendants have committed acts of infringement in this judicial district.

4. Venue is also proper in this district pursuant to 28 U.S.C. §§ 1391(a) because a substantial part of the events or omissions giving rise to the claim occurred here or Defendant is subject to personal jurisdiction here, and/or other reasons.

5. Plaintiffs David Grober ("Grober") and Motion Picture Marine, Inc. ("Motion Picture Marine") bring this suit against the above- identified Defendants. Grober is, and at all times relevant has been, a citizen of the United States residing in Los Angeles County. Voice International, Inc. is a corporation in good standing organized under the laws of the state of California and operates under the fictitious

2

business name of Motion Picture Marine for which all required statements and publications have been filed (hereafter referred to as "Motion Picture Marine"). It has an exclusive license from Grober for the patented technology described more fully below in paragraph 7 and including the right to sue infringers. They complain against Defendants as follows:

## THE PARTIES

6.  David E. Grober is CEO/President of Emmy-winning Motion Picture Marine, Inc., 616 Venice Blvd., Marina del Rey, CA, which specializes in the challenges of filming at sea and in related difficult environments.

7.  Grober is the inventor and owner of U.S. Pat. No. 6,6111,662, entitled "Autonomous Self Leveling, Self Correcting Stabilized Platform" (the '662 patent). This invention yields a compact, flexible and easily-used camera mounting which maintains stable images even when supported on moving platforms such as boats. The patented technology includes novel electronics to achieve what traditionally depended on less-effective, gyro-based mechanisms.

8.  Defendant Mako Products, Inc., is a corporation organized and existing under the laws of the State of Florida with principal place of business in Summerfield, Florida, engaged in the business, inter alia, of producing, distributing, selling and renting the MakoHead. Plaintiffs are informed and believe, and thereon alleged, that Mako Products, Inc., whose stock is owned entirely by defendants Jordan Klein, Sr. and Jordan Klein, Jr., does not and has never observed the corporate formalities and is, in fact, a sham designed to protect the Kleins from personal liability. The Kleins have admitted that the corporation is undercapitalized and has no money, and therefore any judgment against it is uncollectible and that the Kleins in such a case will simply sell all existing MakoHeads. The corporate veil provided by Mako Products, Inc. is therefore inappropriate, and Plaintiffs are equitably entitled to look to the Jordans as shareholders and controlling parties as

Defendants. Further, the Kleins are personally directing the infringing activity including in California in this judicial district and thus are liable as individual infringers under the Patent Law.

9. Defendant CineVideoTech, Inc. (CVT) is a corporation with principal place of business in the state of Florida.

10. Defendant Air Sea Land Productions, Inc. (ASL) is a corporation with principal place of business in the state of New York.

11. Defendant Spectrum Effects, Inc. (Spectrum) is a corporation with principal place of business in Los Angeles County, California.

12. Defendant Blue Sky Aerials, Inc. (hereinafter "Blue Sky") is business of form unknown with its principal place of business in San Francisco, California.

13. Defendant Oppenheimer Camera is a business entity of form unknown with its principal place of business in Seattle, Washington.

### FIRST CAUSE OF ACTION
### Infringement of the '662 Patent, 35 USC Sec. 271
### (Plaintiffs Against All Defendants)

14. Grober and Motion Picture Marine reallege the allegations of Paragraphs 1 through 13 as though fully set forth herein.

15. Grober is the inventor and owner of the '662 patent, which the United States Patent and Trademark Office (the "PTO") duly and lawfully issued on August 26, 2003. Motion Picture Marine is the exclusive licensee of the patent offering it for rental to the public and was also granted the right to sue infringers and collect damages.

16. Grober and Motion Picture Marine have marked products that embody the apparatus claim of the '66s patent pursuant to 35 U.S.C. § 287.

17. Defendants Mako Products and Jordan Klein, Sr., Jordan Klein, Jr. (collectively "Mako") have manufactured the MakoHead and made it publicly

available. In particular, Mako uses, sells, rents and offers for use, sale and rental one or more products including the MakoHead that infringe one or more claims of the '662 patent. On information and belief, Mako has used, sold, rented and/or offered for use, sale or rental the MakoHead in this judicial district and throughout the United States.

18. For example, Mako was an exhibitor in June 2004 at CineGearExpo, a premier event for filmmakers nationwide, held at the Universal City backlot—a center of gravity of Hollywood filmmaking— where Jordan Klein Sr. personally demonstrated the accused product, the MakoHead. Upon information and belief, Jordan Klein Jr. has similarly engaged in infringing activities in the State of California and in this judicial district.

19. Defendant ASL uses, sells, rents and offers for use, sale and rental one or more products including the MakoHead that infringe one or more claims of the '662 patent. On information and belief, Defendant ASL has used, sold, rented and/or offered for use, sale or rental the MakoHead in this judicial district and throughout the United States.

20. Grober and Motion Picture Marine are informed and believe and thereon allege that all defendants are agents and co-conspirators of each other for at least the purposes of using, renting, selling and offering to the use, rental and sale of the MakoHead. That belief is based inter alia on the MakoHead Products, Inc. website (www.makohead.com) which lists the three other defendants under "About Us." In particular it shows its "West Coast Office" at the Los Angeles address of Spectrum, and with Spectrum as the email contact. Mako's jurisdictional contacts in California in this judicial district should be applied to the other co-conspirator Defendants with principal places of business outside this judicial district, to the extent those Defendants lack contacts within this judicial district, such that all Defendants are within the jurisdiction of this Court.

21. Defendant CVT uses, sells, rents and offers for use, sale and rental one or more products including the MakoHead that infringe one or more claims of the '662 patent. On information and belief, Defendant CVT has used, sold, rented and/or offered for use, sale or rental the MakoHead in this judicial district and throughout the United States.

22. Defendant Spectrum uses, sells, rents and offers for use, sale and rental one or more products including the MakoHead that infringe one or more claims of the '662 patent. On information and belief, Defendant Spectrum has used, sold, rented and/or offered for use, sale or rental the MakoHead in this judicial district and throughout the United States.

23. Defendant Blue Sky Aerials, Inc. (hereafter "Blue Sky") uses, sells, rents and offers for use, sale and rental one or more products including the MakoHead that infringe one or more claims of the '662 patent. On information and belief, Defendant Spectrum has used, sold, rented and/or offered for use, sale or rental the MakoHead in this judicial district and throughout the United States.

24. Defendant Oppenheimer Camera uses, sells, rents and offers for use, sale and rental one or more products including the MakoHead that infringe one or more claims of the '662 patent. On information and belief, Defendant Spectrum has used, sold, rented and/or offered for use, sale or rental the MakoHead in this judicial district and throughout the United States.

25. Defendants Does 1-10 each use, sell, rent and offer for use, sale and rental one or more products including the MakoHead that infringe one or more claims of the '662 patent. On information and belief, Defendants Does 1-10 have used, sold, rented and/or offered for use, sale or rental the MakoHead in this judicial district and throughout the United States.

26. In addition to their direct infringement of the patent, Defendants also induce and contribute to the infringement of others pursuant to 35 U.S.C. Sec. 271(b), (c) and are liable as indirect infringers as well.

27. Grober and Motion Picture Marine have been irreparably and monetarily damaged by Defendants' infringement of the '662 patent. If Defendants' infringement is not preliminarily and permanently enjoined, Grober and Motion Picture Marine will continue to be irreparably and monetarily damaged.

28. Defendants' infringement of the '662 patent is willful.

29. This is an exceptional case, warranting the award of treble damages and attorneys' fees.

## SECOND CAUSE OF ACTION
### For Declaratory Relief
### (Plaintiff Grober Against Defendants Mako Products)

30. Grober reallege the allegations of Paragraphs 1 through 13 as though fully set forth herein.

31. In 2004, Plaintiff first bought this action for infringement of the '662 patent against Defendant Mako Products, Inc. and others alleging that Defendant is and has been willfully infringing the '662 patent.

32. Commencing in or about November 2007, Defendant, including through its counsel, has asserted that Plaintiff slandered Defendant and unlawfully interfered with Defendant and Defendant's business, all in connection with the above identified patent infringement action involving the Parties. Defendant has threatened to immediately sue Plaintiff for slander and interference for alleged damages to Defendant and Defendant's business.

33. Attached hereto as Exhibit A is a true and correct copy of a later-filed complaint for slander filed in Florida state Court by Mako Products, Jordan Klein Sr. and Jordan Klein Jr. against David Grober. At paragraphs 12-20 of Exhibit A are the details of the slanderous statements alleged to have occurred from July 2004 until November 30, 2007, which are incorporated herein by reference. Said second-filed Florida action is the subject of a motion to be dismiss.

34. Plaintiff denies that he has in any way slandered or defamed Defendant, denies that he has unlawfully interfered with Defendant or Defendant's business and asserts that his actions were at all times lawful and/or privileged pursuant to his litigation, competition and/or other privileges, and that the California one (1) year statute of limitations for slander has long run on nearly all the alleged slanderous statement that Mako Products and the Kleins describe in the Florida complaint. Plaintiff also denies that he has caused any damages to Defendant or Defendant's business.

35. An actual controversy exists between Plaintiff and Defendant Mako Products, Inc. as to whether Plaintiff has slandered or defamed Defendant, whether Plaintiff has unlawfully interfered with Defendant or Defendant's business, whether Plaintiff's action are lawful and/or privileged and whether Defendant or Defendant's business has been damaged by any unlawful conduct of Plaintiff, and whether Mako's and the Kleins' claims are barred as untimely.

36. In fact, it is Defendant's representatives who have made false and misleading statements to others in the past and presently that have damaged and are damaging Plaintiff and its business Motion Picture Marine, including that it is going out of business, that the patent infringement lawsuit is over when it is not, and the like which cause Plaintiff to have to explain about Defendants and their infringing products and cause Plaintiff to lose business. Plaintiff's investigation of these false and misleading statements by various representatives of Defendant is ongoing. Plaintiff reserves the right to amend and supplement this complaint to assert such causes of action upon completing its investigation.

///
///
///

# PRAYER FOR RELIEF

WHEREFORE, GROBER and MOTION PICTURE MARINE pray for the following relief:

1. Judgment that Defendant Mako has infringed the '662 patent;
2. Judgment that Defendant ASL has infringed the '662 patent;
3. Judgment that Defendant CVT has infringed the '662 patent;
4. Judgment that Defendant Spectrum has infringed the '662 patent;
5. Judgment that Defendant Blue Sky has infringed the '662 patent;
6. Judgment that Defendant Oppenheimer Camera has infringed the '662 patent;
7. Judgment that Defendants Jordan Klein, Jr. and Jordan Klein, Sr. infringed the '662 patent and that Defendant Mako Products is a sham, should be disregarded, and that the defendant Kleins are held liable for Mako's actions;
8. Judgment that Defendants have contributed to the infringement of others pursuant to 35 USC Sec. 271(b) and (c);
9. Judgment that Defendants' infringement is willful;
10. A preliminary injunction prohibiting Defendants from making, using, renting, selling, and offering for use, rental or sale their respective infringing products and any other acts of infringement of the '662;
11. A permanent injunction prohibiting Defendants from making, using, renting, selling, and similarly offering any infringing products;
12. Damages for infringement of the '662 patent, according to proof;
13. Treble damage for willful infringement of the '662 patent;
14. Judgment that this is an exceptional case, entitling Grober and Motion Picture Marine to an award of attorneys' fees under 35 U.S.C. §285;
15. A declaratory judgment that Plaintiff has not slandered or defamed Defendant, and/or that the slander claims are barred by the statute of limitations;

16. A declaratory judgment that Plaintiff has not interfered with Defendant or Defendant's business;

17. A declaratory judgment that Plaintiff's conduct has been lawful and/or privileged and Plaintiff has not caused damage to Defendant or Defendant's business;

18. Reasonable attorney's fees and costs of suit; and.

19. Such other relief as the Court deems just and proper.

DATED: March 20, 2008          LAUSON & SCHEWE LLP

                               By: _____
                                   Robert J. Lauson
                                   Attorneys for Plaintiff

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury on all claims asserted.

DATED: March 20, 2008          LAUSON & SCHEWE LLP

                               By: _____
                                   Robert J. Lauson
                                   Attorneys for Plaintiff

# CERTIFICATE OF DELIVERY

I hereby certify that on March 20, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Stanley P. Lieber    stan@lieberlaw.com
Janet R Varnell      jvarnell@aol.com
Brian Warwick        bwwarick@aol.com

_____
Ted Shumway