IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

| | |
|---|---|
| David Grober, et al., | Case No. 2:04 CV 8604 JZ |
| Plaintiffs, | ORDER RE: ATTORNEY FEES |
| -vs- | JUDGE JACK ZOUHARY |
| Mako Products, Inc., et al., | |
| Defendants. | |

This Order affirms and supplements the Court's ruling at the June 3, 2010 hearing (Doc. No. 410), denying Defendants' Motion for Attorney Fees (Doc. No. 380). There are two issues: (1) whether Defendants are entitled to attorney fees as a sanction under Federal Civil Rule 11, and (2) whether Defendants are entitled to attorney fees under the "exceptional case" provision of the patent statute, 35 U.S.C. § 285.

**Rule 11 Sanctions**

The propriety of Rule 11 sanctions in this patent case is governed by Ninth Circuit law. *See, e.g.*, *Power Mosfet Technologies, L.L.C. v. Siemens AG*, 378 F.3d 1396, 1406-07 (Fed. Cir. 2004) ("We . . . apply regional circuit law when reviewing a district court's grant or denial of sanctions under Federal Rule of Civil Procedure 11."). Under Ninth Circuit law, "'a party cannot wait until after summary judgment to move for sanctions under Rule 11.'" *Barber v. Miller*, 146 F.3d 707, 711 (9th Cir. 1998) (quoting *Ridder v. City of Springfield*, 109 F.3d 288, 297 (6th Cir. 1997)); *see also*

*Retail Flooring Dealers of Am., Inc. v. Beaulieu of Am., LLC*, 339 F.3d 1146, 1151 (9th Cir. 2003) ("'[A] party cannot delay serving its Rule 11 motion until conclusion of the case.'") (quoting 1993 Advisory Committee Note to Rule 11).  This is because a party must have a chance to withdraw the offending pleading under Rule 11's "safe harbor" provision.  Here, Defendants did not move for sanctions until after summary judgment had been granted, so they did not comply with the procedural requirements of Rule 11.

Defendants correctly note that several Federal Circuit cases have addressed Rule 11 motions brought after a ruling on a dispositive motion.  *E.g.*, *Judin v. United States*, 110 F.3d 780 (Fed. Cir. 1997); *S. Bravo Systems, Inc. v. Containment Techs. Corp.*, 96 F.3d 1372 (Fed. Cir. 1996).  But none of those cases directly addressed the "safe harbor" procedural requirement.  Moreover, Federal Circuit law is not controlling here.  Ninth Circuit precedent clearly says that Rule 11 motions must be made before a case is concluded.

In sum, because Defendants did not move for sanctions until after the Court granted summary judgment, Rule 11 sanctions are not warranted.

**Attorney Fees for "Exceptional Cases" under 35 U.S.C. § 285**

Defendants also claim attorney fees under 35 U.S.C. § 285, which provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."  Here, Defendants (the prevailing party) argue this case is exceptional because Plaintiff Grober committed fraud on the patent office by failing to disclose that the invention had two co-inventors.  *See, e.g.*, *Kramer v. Duralite Co.*, 514 F.2d 1076, 1077 (2d Cir. 1975) (holding that plaintiff's failure to name a co-inventor rendered the case exceptional under Section 285).  Defendants must show co-inventorship by "clear and convincing evidence."  *Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456, 1464 (Fed.

Cir. 1998). As explained on the record, this Court does not believe that Defendants have met their burden. At best, the evidence of inventorship is mixed. Certainly there is evidence that Lewallen and Waterford (both associates of Grober) provided technical assistance in developing the patented product. But the record also indicates that Grober was the driving force behind the concept that was eventually patented. Thus, the record does not provide a "clear and convincing" answer to the question of whether Lewallen or Waterford made a "significant contribution" to the invention. Accordingly, this Court finds that this is not an exceptional case and therefore declines to award attorney fees under Section 285.

    IT IS SO ORDERED.

                                      s/ *Jack Zouhary*
                                JACK ZOUHARY
                                U. S. DISTRICT JUDGE

                                July 1, 2010