Robert J. Lauson (175486)
        bob@lauson.com
Edwin Tarver (201943)
        edwin@lauson.com
LAUSON & TARVER, LLP
880 Apollo Street, Suite 301
El Segundo, California  90245
Tel. (310) 726-0892
Fax (310) 726-0893
        Attorneys for Voice International, Inc.

David Grober,
        Plaintiff in *pro per*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| DAVID GROBER and VOICE INTERNATIONAL, INC., a California Corporation,<br><br>             Plaintiffs,<br><br>             v.<br><br>MAKO PRODUCTS, INC., AIR SEA LAND PRODUCTIONS, INC.,CINEVIDEOTECH, INC., SPECTRUM EFFECTS, INC., BLUE SKY AERIALS, INC., and DOES 1-10<br><br>             Defendants | Case No.  CV 04-08604 JZ (OPx)<br><br>PLAINTIFFS' PROPOSED CASE SCHEDULE<br><br><br>Judge: Honorable Jack Zouhary |

## <u>PLAINTIFFS' PROPOSED CASE SCHEDULE ADDRESSING THE LACK OF ANY NEED FOR MARKMAN ADJUDICATION AND REQUEST FOR LEAVE TO MOVE FOR SUMMARY JUDGMENT</u>

Respectfully Submitted,

February 27, 2015                    LAUSON & TARVER, LLP

                              By:     <u>s/ Edwin Tarver</u>
                                      EDWIN TARVER, ESQ.
                                      Attorneys for VOICE INTERNATIONAL, INC.


                              By:     <u>s/ David Grober</u>
                                      DAVID GROBER
                                      Plaintiff in *pro per*

1    Pursuant to the Court's Order of January 28, 2015, Plaintiffs submit the following case

2    schedule, providing their reasons why no Markman hearing is necessary, and requesting leave to

3    move for summary judgment on the merits.

4

5    The Court's Order:

6    In discussions following the Court denying Defendants' motion to dismiss, the Court

7    highlighted the need to expeditiously resolve the case.  Toward that goal, the court required the

8    parties to 1) meet and confer on the construction of claims at issue, 2) hold dates in May open for

9    Markman proceedings, and 3) submit a proposed case schedule for the Court's approval.

10

11   1.    No Construction Issues Were Raised and No Markman Hearing is Necessary:

12   Plaintiffs have no claim terms needing construction.  Defendants apparently concur with

13   Plaintiffs' position.  On February 11th, Plaintiffs specifically requested Defendants' identify any

14   claim terms needing construction.  Tarver Dec., ¶2, Ex. A, p. 2.  To date, Defendants have never

15   identified even a single disputed claim term.

16

17   In 2008, Plaintiffs and Defendants undertook a exhaustive Markman tutorial and hearing

18   before Judge Larson, who determined only a single term, "payload platform," required

19   construction.  The Federal Circuit, on appeal, re-construed the term in Plaintiffs' favor.  See,

20   *Grober v. Mako Products, Inc.*, 686 F.3d 1335, 1343 (Fed. Cir. 2012) ("Accordingly, the claim

21   language and specification show that "payload platform" means "a three-dimensional structure

22   upon which the payload (e.g., a camera) is directly mounted upon or affixed to.")

23

24   In opposition to Defendants' motion to dismiss, Plaintiffs filed under seal the deposition

25   of Defendants' expert witness, Tom Smith.  Among other evidence in the record, Plaintiffs invite

26   the Court to view the video, which identifies all components of the infringing Mako, and how

27   they read on Plaintiffs' patent claims.  The court should review that testimony and find that no

28

1   claim terms need construction.  Defendants received a copy of the video on or about November

2   25, 2014 and have had three months to identify any disputed terms.

3

4   2.      The May Dates Can Be Used to Hear Plaintiffs' Motion for Summary Judgment

5           Plaintiffs request permission to file their motion for Summary Judgment by March 30,

6   2015, and propose the following schedule

7

8   | Plaintiffs' Motion for Summary Judgment | Tuesday, March 31 |
    |---|---|
9   | Defendants' Opposition | Friday April 17 |
10  | Plaintiffs' Reply | Friday, May 1 |
11  | Hearing on Motion For Summary Judgment | Tuesday May 26 |

12

13          If the Court determines the need for a Markman, Plaintiffs are prepared to argue

14  Markman issues on the Court's preferred dates of May 22nd or 26th 2015.

15

16  3.      Discovery Schedule:

17          Because Defendants have yet to de-designate a single document, as the Court required be

18  "promptly" done on November 21, 2014, and owing to Plaintiffs numerous requests (See, items

19  1-7 in the following chronological listing of events identified below), Plaintiffs Request the

20  Court Immediately Order:

21      A.  That all documents produced by current Defendants and that were designated attorneys

22  eyes only (AEO) forfeit that status due to Defendants' inaction.  Abuse of discovery in this case

23  goes back at least seven years when documents that should have been properly designated and

24  produced were not.  Plaintiffs have received no documents since 2008.  Any client data would be

25  stale, and Defendants post information about many of their clients on their websites.  Tarver

26  Dec., ¶3; and

27      B.  That any AEO documents produced by former defendant Mako, shall forfeit their AEO

28  status.  Mako no longer exists and cannot be harmed.

Any technical documents of a twelve year old device can hardly contain trade secrets.  A MakoHead was sold publicly to a company in Brazil, further shutting out any trade secret claims, and the Smith deposition examination of the MakoHead shows its operation and components, leaving almost nothing unknown.

Moving forward with Summary Judgment of infringement, based upon the Smith video, particularly the 16 minute edited version showing three '662 claims infringed, as well as ordering improperly designated documents released, will likely shorten this case.

Chronological List of Plaintiffs' Effort to Comply With the Court's Discovery Order

1.     The Court ordered, on November 21, 2014:  "Defendants will promptly re-designate any documents that are not properly designated as AEO documents…[and] sharing a document log with Plaintiffs…a brief explanation of why the document should not be redesignated."  Doc. 471.

2.     On 12/24/2014, five weeks after the Order, and multiple Plaintiff initiated communications regarding the AEO documents, not a single document had been re-designated. Plaintiffs wrote Defendants again:  "It has been almost 5 weeks since the status conference. Which documents, or all of them, can our client now have access to? And please provide the document log for any documents you contend should be AEO. Can this be done by Dec. 30th?" Tarver Dec., ¶4, Ex. B.

3.     On 12/26/2014 Defendants responded by phone that they had reviewed no documents and nothing had been de-designated.  Tarver Dec., ¶5.

4.     On 12/29/2014 Plaintiffs again wrote Defendants and pointed to the specific provisions of the Court Order to promptly review and de-designate documents.  Tarver Dec., ¶6, Ex C.

5.     On 12/30/2014 Defendants responded:  "Hi Bob, Thanks for pointing out those provisions of the order. I will get to work on preparing a document log regarding the rental house

defendants' AEO documents."  Tarver Dec., ¶7, Ex. D.

6.      After six more weeks, on 02/11/2015, Plaintiffs again wrote Defendants a lengthy email requesting the documents.   Defendants' 02/12/2015 response gave no indication they have reviewed a single document and none were provided.  Tarver Dec., ¶8, Ex. E.

7.      On 02/17/2015, counsel for Plaintiffs and Defendants had a phone conversation in which Defendants' Counsel stated they might de-designate enough documents to show Defendants' income, nothing more. This ignores the Court Order as well as Plaintiffs' basic right to proper discovery on all events surrounding infringement.  Lauson Dec., ¶9.

8.      The January 21, 2015 Court Order requested a timeline. Plaintiffs emailed Defendants a proposed timeline 02/11/2015.  Ex. A.  Defendants made no response.  In Counsels' February 17, 2015 phone call, Plaintiffs attempted to discuss their proposed timeline.  Defendant counsel responded that he had no authorization from his clients to discuss it.  Tarver Dec., ¶10

9.      On 02/21/2015 Plaintiffs emailed Defendants pointing to Plaintiffs' weeks old request to discuss Markman terms and asking for a quick response as Grober would be unavailable the end of the following week when the schedule was due.  Tarver Dec., ¶11., Ex. F.

10      Defendants waited until Tuesday evening, 02/24/2015, to respond and requested the Markman hearing be set for July 31, 2015, two months *after* the Court Ordered date.  There is simply no time left to enter into meaningful discussion.  Tarver Dec., ¶12, Ex. G.

11.     With no time left to meet and confer on claim constructions, with no terms in dispute, with Defendants' schedule pushing Markman two months beyond the Court ordered date, and with Defendants ignoring the Court's November, 2015 Order to promptly review and produce discovery for 3 months, Plaintiffs request scheduling to bring this eleven year case to conclusion.

I, Edwin Tarver, declare and state as follows:

1.      I am counsel for Plaintiff Voice International in the above-identified matter currently pending before this Court.  I have personal knowledge of all facts and circumstances set forth herein.

2.      I am informed and believe that the document attached hereto as "Exhibit A" is a true and correct copy of a 12/24/2014 email requesting Defendants de-designated documents, produce the required document log and comply with the Court's Order by December 30, 2014.  A true and correct copy of that email is attached hereto as Exhibit A.

3.      On February 27, 2015, Plaintiffs reviewed Defendants' websites and found client lists from Air Sea Land, Cinevideotech, and Spectrum Effects.  The URLs for those pages are:

Cinevideotech Blog.: http://www.cinevideotech.com/wordpress/index.php/archives/22222

Cinevideotech Film and TV credits:

http://www.cinevideotech.com/wordpress/index.php/about/film-tv-credits

Air Sea Land: http://airsealand.com/index-page/clients/

Spectrum Effects: http://www.spectrumeffects.com/home.html

4.      On December 24, 2014 Plaintiffs emailed Defendants' attorney, requesting the required document log, de-designated documents, and asked if they could comply with the Court's order by December 30, 2014.  A true and correct copy of that email is attached hereto as Exhibit B

5.      On 12/26/2014 Plaintiffs had a conversation with Defendants attorney, Sean Flaherty, who stated they had reviewed no documents for de-designation and hence nothing had been de-designated.

6.      On 12/29/2014 Plaintiffs again emailed Defendants' attorney, pointing out the specific provisions of the Court's Order to promptly review and de-designate documents.  A true and correct copy of that email is attached hereto as Exhibit C.

7.      On 12/30/2014 Defendants' attorney responded indicating Defendants would start preparing the Court Ordered document log.  A true and correct copy of that email is attached hereto as Exhibit D.

8.      On 02/12/2015, Defendants emailed Plaintiffs a response to their 02/11/2015 request. Nowhere in Defendants' email is there mention of any document review.  Defendants also make no mention of the documents already in their possession.  A true and correct copy of that email is attached hereto as Exhibit E.

9.      On 02/17/2015, Defendants' counsel stated in a telephone conversation that they might de-designate enough documents to show Defendants' income, nothing more.

10.     In a 02/17/2015 phone call Plaintiffs attempted to discuss their proposed timeline and Defendants' counsel responded that he had no authorization from his clients to discuss it.

11.     On 02/21/2015 Plaintiffs emailed Defendants, pointing to Plaintiffs' weeks old request to discuss Markman terms, and asking for a quick response since Grober would be unavailable the end of the following week when the schedule was due.  A true and correct copy of the 02/21/2015 email is attached hereto as Exhibit F.


12.     On 02/24/2015, only three days before this document was due, Defendants emailed Plaintiffs a proposed Markman hearing date of *July 31, 2015*, more than two months *after* the Court Ordered date.  A true and correct copy of the 02/21/2015 email is attached hereto as Exhibit G.


I declare under penalty of perjury that the foregoing is true and correct.

        Executed this 27 day of February, 2015, at El Segundo, California.


                                                EDWIN TARVER
                                                Representing Plaintiffs

# EXHIBIT A

**Edwin P. Tarver**

| | |
|---|---|
| **From:** | David Grober [davidgrober1@gmail.com] |
| **Sent:** | Wednesday, February 11, 2015 11:03 PM |
| **To:** | Sean Flaherty; Bob Lauson; edwin@lauson.com Tarver |
| **Subject:** | Re: Phone Call & Schedule. |

To Sean, and Defendants.
CC: Bob Lauson and Edwin Tarver.

I understand Bob is out of town till late tomorrow - Thursday,  and I am likewise out of town. We will therefore pass on a phone conversation.  We are certainly happy to hear your thoughts, settlement or otherwise. Please put them in writing and I will review them and discuss with Bob and Edwin where applicable.
In the meantime from the recent hearing, I've had conversations with Edwin and Bob and we are following what Judge Zouhary ordered, and wish to make sure there is a record to that extent.  So far, we have yet to receive the documents that the Court ordered Defendants to review and re-designate and/or produce a document log.  We are again sending you the Court's Order dated November 21, 2014:

4. Defendants will promptly review whether it remains appropriate to designate
previously-produced documents as AEO documents. Defendants will promptly re-designate any
documents that are not properly designated as AEO documents. Defendants also will promptly raise
objections to re-designation of documents for which they believe an AEO designation appropriate,
sharing a document log with Plaintiffs including (among other relevant information) a general
description of the documents and a brief explanation of why the document should not be redesignated.
Plaintiffs may then challenge the AEO designation according to the revised Protective order.

On December 24th, 2014, still not having received a single redesignated document we wrote you:
It has been almost 5 weeks since the status conference. Which documents, or all of them, can our client now have access to? And please provide the document log for any documents you contend should be AEO.  Can this be done by Dec. 30th?  Thank you.  Happy Holidays!

You wrote us back on December 26th concerning the documents, including the fact you and your clients had not yet reviewed them.
On December 29, 2014 we wrote you again concerning your clients documents.
Sean:
For emails that go back several years, 2004, 2005, 2006, 2007, etc. you would have to show what would cause your clients severe competitive harm if disclosed.  And if so, then your clients need to redact the specific names of customers they deem highly confidential.  Of note, your clients post their client lists on their websites.  The use of the MakoHeads, conversations between the rental houses, and/or Mako, shipping of the units and charges for the units, and if your clients undertook any development of the MakoHeads, are all relevant to infringement.  They are not AEO.
If any document you wish to remain AEO, then according the Judge Zouhary's latest order you need to create a log including briefly explaining why.  Per the existing protective order only those portions that are confidential can be so designated.  On any documents you claim AEO, please redact other sections and provide a new version for our client to view.
We ask that you notify your clients immediately so that by this week our client has access to the documents, or redacted versions by January 2nd.  Further delay to start the process is unacceptable.  It has been 5 weeks since the Court's order.  That is long enough to wait.   Our  client is entitled to the documents and we want him to have them by January 2nd.

On December 30th, 2014 you wrote:
Hi Bob, Thanks for pointing out those provisions of the order. I will get to work on preparing a document log regarding the rental house defendants' AEO documents. Our office generally alternates between limited hours and closed the next few days and I won't be in much, but I will get the ball rolling on this.

1

It is now almost another month and a half later, and almost 3 months since the court ordered; Defendants will promptly re-designate any documents that are not properly designated as AEO documents. Defendants also will promptly raise objections to re-designation of documents for which they believe an AEO designation appropriate, sharing a document log with Plaintiffs including (among other relevant information) a general description of the documents and a brief explanation of why the document should not be redesignated.

If you have not yet completed compliance with Judge Zouhary's order on your clients' documents, I hope you will do so this week so that I may have access to all documents, or redacted documents by Wednesday Feb 18, 2015.  If you have not complied by then, essentially three months after the Order, then we see this as just the continuation of discovery abuse we have suffered for years, and we will take this up with the Judge.

Also, the Court ordered the parties to have discussion on any patent terms needing to be construed.  We believe there are no patent terms needing to be construed now that the CAFC has clarified payload platform.  If you believe differently, please advise us of the terms you believe need to be construed by the end of next week, Friday February 20th.   We then request that we have a meet and confer on those terms on March 2nd or 3rd.  If we cannot come to an agreement, then we wish to provide a joint statement to the Court by March 16, 2015 on our viewpoints, and let the court decide if another Markman hearing is necessary.  This schedule gives everyone plenty of time.

In the meantime, you are always welcome to send us, in writing, your or your clients' thoughts on ways to resolve this. I've done so several times.  I have gone out of my way, and at great expense numerous times, to write to your clients,  speak to your clients as well as speak to them through their counsel. I've even flown cross country and personally met with some of your clients, obviously to no avail.  My goal now is to move towards adjudication of infringement as soon as possible.

Also, did you order a transcript of the recent hearing?  If so, would you be kind enough to send us a copy?

Sincerely,

David Grober.

On Feb 11, 2015, at 3:23 PM, Sean Flaherty <sean@coastlawgroup.com> wrote:


If you could give me a call between 9:30am and 11:30am, that would be great.

Thanks,



**SEAN D. FLAHERTY**
sean@coastlawgroup.com

**Coast Law Group LLP**
1140 South Coast Highway 101
Encinitas, California 92024
tel. 760.942.8505 x119
fax 760.942.8515

**From:** Bob Lauson [mailto:bob@lauson.com]
**Sent:** Wednesday, February 11, 2015 3:19 PM
**To:** Sean Flaherty

**Cc:** davidgrober1@gmail.com; edwin@lauson.com
**Subject:** Re: Phone Call

Sean, I'm out of town today but we could talk tomorrow (Thurs) afternoon.  Bob Lauson

Sent from my iPhone

On Feb 11, 2015, at 3:47 PM, Sean Flaherty <sean@coastlawgroup.com> wrote:

> Hi David-
>
> I just left a voicemail for Edwin, but I think he's at lunch. Let me know if you and/or he might have time for a telephone call today. I'm supposed to speak with my clients tomorrow, and I wanted to get your input on some ideas I have about handling this case before I present them to my clients.
>
> Thanks,



&lt;image001.gif&gt;

**SEAN D. FLAHERTY**
sean@coastlawgroup.com

**Coast Law Group** LLP
1140 South Coast Highway 101
Encinitas, California 92024
tel.  760.942.8505 x119
fax 760.942.8515

# EXHIBIT B

**From:** Robert Lauson [mailto:bob@lauson.com]
**Sent:** Wednesday, December 24, 2014 5:34 PM
**To:** 'Sean Flaherty'
**Cc:** 'davidgrober1@gmail.com'; 'Edwin P. Tarver'
**Subject:** RE: Grober v. Mako et al. -- New Protective Order

Sean, we're also looking for your approval of the new [proposed] protective order.

The Court order from the status conference held November 19, 2014 stated:

3. Parties also will prepare a revised stipulated Protective Order which will allow Mr.
Grober appropriate access to existing discovery.

We provided you the revised protective order December 5, 20014, almost 3 weeks ago.  We would like to
have it filed with the Court forthwith.  Please stipulate or provide comments ASAP.

The Order also stated:

4. Defendants will promptly review whether it remains appropriate to designate
previously-produced documents as AEO documents. Defendants will promptly re-designate any
documents that are not properly designated as AEO documents. Defendants also will promptly raise
objections to re-designation of documents for which they believe an AEO designation appropriate,
sharing a document log with Plaintiffs including (among other relevant information) a general
description of the documents and a brief explanation of why the document should not be redesignated.
Plaintiffs may then challenge the AEO designation according to the revised Protective order.

It has been almost 5 weeks since the status conference. Which documents, or all of them, can our client
now have access to?  And please provide the document log for any documents you contend should be
AEO.  Can this be done by Dec. 30th?
Thank you.  Happy Holidays!



Bob Lauson

LAUSON & TARVER LLP
880 Apollo Street, Suite 301
El Segundo, CA  90245
Tel.  (310) 726-0892
Fax  (310) 726-0893
www.lauson.com
Intellectual Property Law
Patents, Trademarks, Copyrights

# EXHIBIT C

**Edwin P. Tarver**

| | |
|---|---|
| **From:** | Robert Lauson [bob@lauson.com] |
| **Sent:** | Monday, December 29, 2014 5:55 PM |
| **To:** | 'Sean Flaherty' |
| **Cc:** | davidgrober1@gmail.com; edwin@lauson.com |
| **Subject:** | RE: Grober v. Mako et al. -- New Protective Order, Video |

Sean:

For emails that go back several years, 2004, 2005, 2006, 2007, etc. you would have to show what would cause your clients severe competitive harm if disclosed. And if so, then your clients need to redact the specific names of customers they deem highly confidential. Of note, your clients post their client lists on their websites. The use of the MakoHeads, conversations between the rental houses, and/or Mako, shipping of the units and charges for the units, and if your clients undertook any development of the MakoHeads, are all relevant to infringement. They are not AEO.

If any document you wish to remain AEO, then according the Judge Zouhary's latest order you need to create a log including briefly explaining why. Per the existing protective order only those portions that are confidential can be so designated. On any documents you claim AEO, please redact other sections and provide a new version for our client to view.

We ask that you notify your clients immediately so that by this week our client has access to the documents, or redacted versions by January 2nd. Further delay to start the process is unacceptable. It has been 5 weeks since the Court's order. That is long enough to wait. Our client is entitled to the documents and we want him to have them by January 2nd.

Also, did you receive a copy of the 400 pages of documents that were provided to the Trustee?



Bob Lauson

LAUSON & TARVER LLP
880 Apollo Street, Suite 301
El Segundo, CA  90245
Tel.  (310) 726-0892
Fax  (310) 726-0893
www.lauson.com
Intellectual Property Law
Patents, Trademarks, Copyrights

---

**From:** Sean Flaherty [mailto:sean@coastlawgroup.com]
**Sent:** Friday, December 26, 2014 11:52 AM
**To:** Robert Lauson
**Cc:** davidgrober1@gmail.com; edwin@lauson.com
**Subject:** Re: Grober v. Mako et al. -- New Protective Order, Video

Hi Bob,

1

# EXHIBIT D

**Robert Lauson**

| | |
|---|---|
| **From:** | Sean Flaherty [sean@coastlawgroup.com] |
| **Sent:** | Tuesday, December 30, 2014 6:40 PM |
| **To:** | Robert Lauson |
| **Cc:** | davidgrober1@gmail.com; edwin@lauson.com |
| **Subject:** | RE: Grober v. Mako et al. -- New Protective Order, Video |

Hi Bob,

Thanks for pointing out those provisions of the order. I will get to work on preparing a document log regarding the rental house defendants' AEO documents. Our office generally alternates between limited hours and closed the next few days and I won't be in much, but I will get the ball rolling on this.

As for the Mako documents, I've looked through my emails as well as the ECF receipts, and I cannot locate the 400 pages sent to the trustee, so I don't think I received those. Please send if you want me to review for de-designation.

Happy new year!



**SEAN D. FLAHERTY**
sean@coastlawgroup.com

**Coast Law Group LLP**
1140 South Coast Highway 101
Encinitas, California 92024
tel. 760.942.8505 x119
fax 760.942.8515

The information contained in this e-mail is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and, as such, is PRIVILEGED & CONFIDENTIAL. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document (and any attachments) in error and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail and deliver the original message.

To ensure compliance with requirements imposed by the IRS, we inform you that (a) any U.S. tax advice in this communication (including attachments) is limited to the one or more U.S. tax issues addressed herein; (b) additional issues may exist that could affect the U.S. tax treatment of the matter addressed below; (c) this advice does not consider or provide a conclusion with respect to any such additional issues; (d) any U.S. tax advice contained in this communication (including attachments) is not intended or written to be used, and cannot be used, for the purpose of promoting, marketing or recommending to another party any transaction or matter addressed herein, and (e) with respect to any U.S. tax issues outside the limited scope of this advice, and U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of avoiding tax-related penalties under the Internal Revenue Code.

**From:** Robert Lauson [mailto:bob@lauson.com]
**Sent:** Monday, December 29, 2014 5:55 PM
**To:** Sean Flaherty
**Cc:** davidgrober1@gmail.com; edwin@lauson.com
**Subject:** RE: Grober v. Mako et al. -- New Protective Order, Video

Sean:

For emails that go back several years, 2004, 2005, 2006, 2007, etc. you would have to show what would cause your clients severe competitive harm if disclosed. And if so, then your clients need to redact the specific names of customers they deem highly confidential. Of note, your clients post their client lists on their websites. The use of the MakoHeads, conversations between the rental houses, and/or Mako, shipping of the units and charges for the units, and if your clients undertook any development of the MakoHeads, are all relevant to infringement. They are not AEO.

1

# EXHIBIT E

**Edwin P. Tarver**

| | |
|---|---|
| **From:** | Sean Flaherty [sean@coastlawgroup.com] |
| **Sent:** | Thursday, February 12, 2015 3:54 PM |
| **To:** | David Grober; Bob Lauson; edwin@lauson.com Tarver |
| **Subject:** | RE: Phone Call & Schedule. |

Hi David,

See my responses inline in red. I must stress that this is all privileged settlement communications protected by FRE 408.

Let me know if you'd like to jump on a phone call to discuss.



**SEAN D. FLAHERTY**
sean@coastlawgroup.com
**Coast Law Group LLP**
1140 South Coast Highway 101
Encinitas, California 92024
tel.  760.942.8505 x119
fax 760.942.8515

**From:** David Grober [mailto:davidgrober1@gmail.com]
**Sent:** Wednesday, February 11, 2015 11:03 PM
**To:** Sean Flaherty; Bob Lauson; edwin@lauson.com Tarver
**Subject:** Re: Phone Call & Schedule.

To Sean, and Defendants.
CC: Bob Lauson and Edwin Tarver.

I understand Bob is out of town till late tomorrow - Thursday,  and I am likewise out of town. We will therefore pass on a phone conversation.  We are certainly happy to hear your thoughts, settlement or otherwise. Please put them in writing and I will review them and discuss with Bob and Edwin where applicable.
In the meantime from the recent hearing, I've had conversations with Edwin and Bob and we are following what Judge Zouhary ordered, and wish to make sure there is a record to that extent.  So far, we have yet to receive the documents that the Court ordered Defendants to review and re-designate and/or produce a document log.  We are again sending you the Court's Order dated November 21, 2014:

4. Defendants will promptly review whether it remains appropriate to designate
previously-produced documents as AEO documents. Defendants will promptly re-designate any
documents that are not properly designated as AEO documents. Defendants also will promptly raise
objections to re-designation of documents for which they believe an AEO designation appropriate,
sharing a document log with Plaintiffs including (among other relevant information) a general
description of the documents and a brief explanation of why the document should not be redesignated.
Plaintiffs may then challenge the AEO designation according to the revised Protective order.

On December 24th, 2014, still not having received a single redesignated document we wrote you:
It has been almost 5 weeks since the status conference. Which documents, or all of them, can our client now have access to?
And please provide the document log for any documents you contend should be AEO.  Can this be done by Dec. 30th?  Thank
you.  Happy Holidays!

You wrote us back on December 26th concerning the documents, including the fact you and your clients had not yet reviewed them.

On December 29, 2014 we wrote you again concerning your clients documents.

Sean:

For emails that go back several years, 2004, 2005, 2006, 2007, etc. you would have to show what would cause your clients severe competitive harm if disclosed. And if so, then your clients need to redact the specific names of customers they deem highly confidential. Of note, your clients post their client lists on their websites. The use of the MakoHeads, conversations between the rental houses, and/or Mako, shipping of the units and charges for the units, and if your clients undertook any development of the MakoHeads, are all relevant to infringement. They are not AEO.

If any document you wish to remain AEO, then according the Judge Zouhary's latest order you need to create a log including briefly explaining why. Per the existing protective order only those portions that are confidential can be so designated. On any documents you claim AEO, please redact other sections and provide a new version for our client to view.

We ask that you notify your clients immediately so that by this week our client has access to the documents, or redacted versions by January 2nd. Further delay to start the process is unacceptable. It has been 5 weeks since the Court's order. That is long enough to wait. Our client is entitled to the documents and we want him to have them by January 2nd.

On December 30th, 2014 you wrote:

Hi Bob, Thanks for pointing out those provisions of the order. I will get to work on preparing a document log regarding the rental house defendants' AEO documents. Our office generally alternates between limited hours and closed the next few days and I won't be in much, but I will get the ball rolling on this.

It is now almost another month and a half later, and almost 3 months since the court ordered; Defendants will promptly re-designate any documents that are not properly designated as AEO documents. Defendants also will promptly raise objections to re-designation of documents for which they believe an AEO designation appropriate, sharing a document log with Plaintiffs including (among other relevant information) a general description of the documents and a brief explanation of why the document should not be redesignated.

If you have not yet completed compliance with Judge Zouhary's order on your clients' documents, I hope you will do so this week so that I may have access to all documents, or redacted documents by Wednesday Feb 18, 2015. If you have not complied by then, essentially three months after the Order, then we see this as just the continuation of discovery abuse we have suffered for years, and we will take this up with the Judge.

To the items noted above, I de-designated the DVD and reviewed the order. In light of the fact that the Rental Houses' document production contained client names and contact information, I do not believe that removing the AEO designation from the Protective Order is appropriate. I conveyed this.

As to the remaining documents (I believe you said there were 400) these are not the Rental House Defendants' documents and I don't have them. I stand ready and willing to review these documents in light of the court's order, but I need you to send them to me.

I have no intention of ignoring Judge Zouhary's discovery orders, and I'm happy to work through this with you.

Also, the Court ordered the parties to have discussion on any patent terms needing to be construed. We believe there are no patent terms needing to be construed now that the CAFC has clarified payload platform. If you believe differently, please advise us of the terms you believe need to be construed by the end of next week, Friday February 20th. We then request that we have a meet and confer on those terms on March 2nd or 3rd. If we cannot come to an agreement, then we wish to provide a joint statement to the Court by March 16, 2015 on our viewpoints, and let the court decide if another Markman hearing is necessary. This schedule gives everyone plenty of time.

I've been trying to figure out a much more efficient way to make progress on this case. I'm wondering whether you and your counsel would find value in stipulating to a reverse-bifurcation. Under this process, we would ask the court to hold a trial on the damages issue. Strictly for purposes of this hearing, we would theoretically assume infringement. This would allow all parties to understand what you would be entitled to in the event that my clients' actions are infringing. I

believe that obtaining this certainty would allow my clients to better understand their risk, and for you to better quantify your potential for recovery. As it currently stands, my clients feel as if the damages are minimal, and I know you feel that the deserved recovery is massive. Having a trial on damages would narrow the issues, and bring clarity to the situation much sooner. I believe that you or your counsel should already have all the financial information needed to quantify your allegations for damages. I don't believe we do, as there is a huge absence of discovery on my side, but if we could exchange and update sales and financial information quickly, we could probably get this done in short order.

Note this does not concede the infringement issue ultimately, but does so for purposes of that short trial. If needed, the parties would still be free to pursue infringement merits thereafter. But if the damages trial would allow the parties to better quantify their respective financial positions and maybe come to a resolution. I suspect that it could eliminate the need for expensive expert witnesses and a complicated trial on liability, which is in both parties' best interests.

Let me know if you are interested in this approach. If so, I will present it to my clients to gauge their willingness and interest.

In the meantime, you are always welcome to send us, in writing, your or your clients' thoughts on ways to resolve this. I've done so several times.  I have gone out of my way, and at great expense numerous times, to write to your clients,  speak to your clients as well as speak to them through their counsel. I've even flown cross country and personally met with some of your clients, obviously to no avail.  My goal now is to move towards adjudication of infringement as soon as possible.

I believe having a trial on damages may create the potential to obtain an uncontested adjudication on infringement rather quickly.

Also, did you order a transcript of the recent hearing?  If so, would you be kind enough to send us a copy?

I did. The Court charged $151.25. If you are willing to share those costs, please mail a check for $75, payable to Coast Law Group, and I'll be happy to provide a copy.


Sincerely,

David Grober.

On Feb 11, 2015, at 3:23 PM, Sean Flaherty <sean@coastlawgroup.com> wrote:

If you could give me a call between 9:30am and 11:30am, that would be great.

Thanks,



**SEAN D. FLAHERTY**
sean@coastlawgroup.com

**Coast Law Group** LLP
1140 South Coast Highway 101
Encinitas, California 92024
tel. 760.942.8505 x119
fax 760.942.8515

3

**From:** Bob Lauson [mailto:bob@lauson.com]
**Sent:** Wednesday, February 11, 2015 3:19 PM
**To:** Sean Flaherty
**Cc:** davidgrober1@gmail.com; edwin@lauson.com
**Subject:** Re: Phone Call

Sean, I'm out of town today but we could talk tomorrow (Thurs) afternoon.  Bob Lauson

Sent from my iPhone

On Feb 11, 2015, at 3:47 PM, Sean Flaherty <sean@coastlawgroup.com> wrote:

> Hi David-
>
> I just left a voicemail for Edwin, but I think he's at lunch. Let me know if you and/or he
> might have time for a telephone call today. I'm supposed to speak with my clients
> tomorrow, and I wanted to get your input on some ideas I have about handling this case
> before I present them to my clients.
>
> Thanks,



**SEAN D. FLAHERTY**
sean@coastlawgroup.com

**Coast Law Group** LLP
1140 South Coast Highway 101
Encinitas, California 92024
tel.  760.942.8505 x119
fax 760.942.8515

# EXHIBIT F

**Robert Lauson**

| | |
|---|---|
| **From:** | David Grober [davidgrober1@gmail.com] |
| **Sent:** | Saturday, February 21, 2015 6:09 PM |
| **To:** | Sean Flaherty; Bob Lauson; edwin@lauson.com Tarver |
| **Subject:** | Mako v. Grober-Court Schedule. |

**From:** David Grober <davidgrober1@gmail.com>
**Subject: Mako v. Grober-Court Schedule.**
**Date:** February 21, 2015 4:40:44 PM PST
**To:** Sean Flaherty <sean@coastlawgroup.com>

Sean, thank you for the transcript.

The Court's order for a schedule. We provided you with our schedule a couple weeks ago. If you believe a Markman is required, please advise what terms you believe need to be construed and your construction. We don't feel any terms need construction. We are ready to move for Summary Judgement of Infringement as soon as allowed. Please put forth any other scheduling you wish. I would appreciate that by Monday or Tuesday morning latest as we've been asking for a while, want to avoid last minute and my latter week is full.
Thank you very much.
David.

On Feb 20, 2015, at 3:34 PM, Sean Flaherty <sean@coastlawgroup.com> wrote:

David,

I received $75 today. Thank you for sharing costs in the transcript. Attached is a copy. Have a nice weekend.

<image001.gif>   **SEAN D. FLAHERTY**
sean@coastlawgroup.com

**Coast Law Group** LLP
1140 South Coast Highway 101
Encinitas, California 92024
tel. 760.942.8505 x119
fax 760.942.8515

<Final Transcript- 04cv8604jan28,15.pdf>

# EXHIBIT G

**Edwin P. Tarver**

| | |
|---|---|
| **From:** | Sean Flaherty [sean@coastlawgroup.com] |
| **Sent:** | Tuesday, February 24, 2015 5:16 PM |
| **To:** | David Grober; Bob Lauson; edwin@lauson.com Tarver |
| **Subject:** | RE: Mako v. Grober-Court Schedule. |

Hi David- I looked back through my emails and I did not find proposed timing in response to the Judge asking us to come up with a claim construction schedule. Let me know if I am mistaken.

As you know, I spoke to Bob last week and we agreed to adopt the scheduling order that is standard under the Northern District of California's patent local rules. See a copy of the Local Rules here:
http://www.cand.uscourts.gov/localrules/patent
Taking into account the timeline set forth by those rules, I propose the following stipulated schedule:

| | |
|---|---|
| File Joint Proposed Case Mgmt Schedule re: Markman | Friday, Feb 27 |
| Exchange of Proposed Terms for Construction per L.R. 4-1 | Friday, March 13 |
| Preliminary Exchange Construction and Extrinsic Evidence per L.R. 4-2 | Friday, April 3 |
| Joint Claim Construction and Prehearing Statement per L.R. 4-3 | Tuesday, May 12 |
| Claim Construction Discovery Cutoff per L.R. 4-4 | Thursday, June 11 |
| Plaintiffs' Claim Construction Brief Due per L.R. 4-5(a) | Friday, June 26 |
| Rental House Defendants' Responsive Brief per L.R. 4-5(b) | Friday, July 10 |
| Plaintiffs' Reply Brief per L.R. 4-5(c) | Friday, July 17 |
| Claim Construction Hearing | Friday, July 31 |

Please confirm that the dates above are acceptable to you, and I will prepare the full scheduling order incorporating the standard terms of the Northern District's Patent Local Rules, timing, and required items.

Best,



**SEAN D. FLAHERTY**
sean@coastlawgroup.com

**Coast Law Group LLP**
1140 South Coast Highway 101
Encinitas, California 92024
tel. 760.942.8505 x119
fax 760.942.8515

**From:** David Grober [mailto:davidgrober1@gmail.com]
**Sent:** Saturday, February 21, 2015 6:09 PM
**To:** Sean Flaherty; Bob Lauson; edwin@lauson.com Tarver
**Subject:** Mako v. Grober-Court Schedule.


**From:** David Grober <davidgrober1@gmail.com>
**Subject: Mako v. Grober-Court Schedule.**
**Date:** February 21, 2015 4:40:44 PM PST
**To:** Sean Flaherty <sean@coastlawgroup.com>

Sean, thank you for the transcript.

The Court's order for a schedule.  We provided you with our schedule a couple weeks ago. If you believe a Markman is required, please advise what terms you believe need to be construed and your construction. We don't feel any terms need construction.  We are ready to move for Summary Judgement of Infringement as soon as allowed. Please put forth any other scheduling you wish.  I would appreciate that by Monday or Tuesday morning latest as we've been asking for a while, want to avoid last minute and my latter week is full.
Thank you very much.
David.


On Feb 20, 2015, at 3:34 PM, Sean Flaherty <sean@coastlawgroup.com> wrote:


David,

I received $75 today. Thank you for sharing costs in the transcript. Attached is a copy. Have a nice weekend.

<image001.gif>

**SEAN D. FLAHERTY**
sean@coastlawgroup.com

**Coast Law Group** LLP
1140 South Coast Highway 101
Encinitas, California 92024
tel.  760.942.8505 x119
fax 760.942.8515


<Final Transcript- 04cv8604jan28,15.pdf>