**DAVID A. PECK, ESQ.** (State Bar No. 171854)
**SEAN D. FLAHERTY, ESQ.** (State Bar No. 272598)
**COAST LAW GROUP, LLP**
1140 SOUTH COAST HIGHWAY 101
ENCINITAS, CA 92024
Tel: (760) 942-8505
Email: DPeck@CoastLawGroup.com
        Sean@CoastLawGroup.com

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| DAVID GROBER and VOICE INTERNATIONAL INC. a California Corporation,<br>     Plaintiffs,<br>vs.<br>MAKO PRODUCTS, INC., AIR SEA LAND PRODUCTIONS, INC., CINEVIDEOTECH, INC., SPECTRUM EFFECTS, INC., BLUE SKY AERIALS, INC. and DOES 1-10,<br>     Defendants | Case No.: CV 04-08604 JZ (OPx)<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Judge: Honorable Jack Zouhary |

On April 15, 2015 the Court issued an order tasking the parties with develop a joint plan to efficiently resolve this case. (Dkt. 491.) Despite efforts to confer and develop a cohesive plan, the parties remain in disagreement. The Parties have advanced their proposals, below.

### Plaintiffs' Position;

Plaintiffs tried multiple times to have Defendants participate in a timely fashion, especially advising that Mr. Grober was unavailable (on production on a boat at sea) April 26 & 27, 2015. Defendants' counsel, Coast Law Group, (CLG) finally agreed to a discussion Friday afternoon April 24, and promised to further provide their proposal based upon the Friday discussion by Saturday April 25. No proposal was received.

Monday afternoon, April 27, at 3 p.m. *24 hours before the Court's ordered report was due*, Defendants blindsided Plaintiffs with a 5 page proposal which scheduled motions and issues never discussed.

No Markman Hearing is Required. On January 28, 2015 the Court ordered, Dkt. 477, *"After discussions with parties and counsel, they are to meet and confer on the construction claims at issue and hold the dates of May 22 and May 26, 2015 for a Markman hearing"*.

Plaintiffs stated continually they had no terms for construction and Defendants did not raise a single term to confer about, certainly not by March 23rd when the Court ordered a schedule produced.

Defendants now ask the Court "(1) adopt the construction of "payload platform" as required by the Court of Appeal; then (2) construe the remaining terms according to the claim construction arguments already on record with this Court.", and listed "Docket entries 195, 196, 211, 212, and the related filings."   These docket entries comprise 16 terms Judge Larson reviewed and determined only one needed construction. Even then a tutorial was required and experts from both sides were present.

Defendants now wish to engage a massive 16 term Markman hearing, yet CLG states "the Rental Houses lack the resources to pay counsel or experts to engage in such an endeavor."

Defendants were required to M&C on claim terms two months ago, and did not. Time should expire.  Furthermore, case law for claim construction has changed since 2008. Defendants cannot ask the Court to rely on papers filed six years ago.  And, any review of the terms would not fit into a briefing schedule for a Markman hearing on May 22 or 26, 2015.

After eleven years of Defendant delays, the issue of infringement is the issue at hand, not another Markman hearing.

Plaintiffs have no claims for construction, i.e. terms that should be accorded anything other than their normal and customary meaning. Defendants raised no claim term at issue excepting yesterday's new request to construe 16 terms based on a 2008 briefing. This should be rejected.

Accordingly, Plaintiffs seek leave to file a motion for partial summary judgment on the issue of infringement and intend to request the entry of an injunction.  Plaintiffs seek a determination of infringement on the merits because such a ruling would provide them protection against further MakoHead use.  Mr. Grober's patent life has been compromised for 11 years by Defendant delays, benefitting Defendants. Plaintiffs request their MSJ be scheduled at the earliest available court date.

1           Discovery: Discovery should be opened to avoid further delays. Plaintiffs are likewise
2  paying legal bills and have every intention of being frugal in their discovery activities. If
3  Defendants believe any request(s) are burdensome or inappropriate, they can raise the issue.
4           The above is the substance of Plaintiffs' scheduling request that essentially mimics their
5  February 27, 2015, Dkt. 482, schedule put forth to this court as the court requested, and
6  essentially, excepting for exact dates which, which Defendants legal machinations have now
7  surpassed, Defendants themselves approved! See CLG's February 27, 2015 email to the Court
8  stating: "no opposition is made to the above proposed schedule offered by Plaintiffs."
9           Plaintiffs' counsel, Edwin Tarver's declaration and evidence in Dkt. 482 is also
10 instructive as to the numerous attempts Plaintiffs made attempting to elicit Defendants' terms for
11 construction, all with no success.
12          In response to Defendants' instant schedule, Plaintiffs received it just 24 hours before
13 being due, and with full knowledge that Mr. Grober was not available April 27 & 28.
14 Defendants cite eight prior court documents, one being 70 pages, another 24 pages, all pertaining
15 to technical aspects of the patent and reexamination prior art. This would take days to review.
16 Should the Court, with seriousness consider Defendants' request, Plaintiffs request additional
17 time for briefing and/or an oral hearing.
18          However, attempting to move forward, Plaintiffs make the following observations.
19          Defendants ask the Court to reconsider the Rental House Defendants' Motion for
20 Summary Judgment. They state the motion pertains to "whether the Rental House Defendant's
21 actions fall within the "make/use/sell" prohibitions of the Patent Act)". Defendants already lost
22 their motion to be released from jurisdiction. Dkt. 213. The Court reviewed their activities vis-à-
23 vis the MakoHead, and determined they had undertaken infringing activities within the
24 jurisdiction. Plaintiffs Motion, Doc 474, evidence filed under seal, provided the Court with
25 exhibits of a few Defendant invoices. Suggesting the Defendants are not infringers, if the device
26 infringers, is not only an unrealistic assertion, it would be a contested issue of fact, making an
27 MSJ not an option. Furthermore, those issues of fact are dependent upon discovery, which
28

Defendants only released a week ago to Plaintiff Grober, making the motions filed six years ago obsolete as well as tainted due to discovery abuse. Six year old briefing cannot be relied upon.

Reverse Bifurcation: Defendants state that they are no longer offering the MakoHeads for rent. This is not true, Plaintiffs, previously submitted, and here again submit evidence showing Defendant Blue Sky Aerials' website offering the MakoHead for rent on their website as of today, April 28, 2015. The link is: http://www.aerialimage.com/aerial_image_demos.html On that basis, an injunction is requested. Further, failure to find the MakoHead infringing leaves open its immediate return to the market and simply the start of another lawsuit against users of the device, or those who induce others (customers) to use it. Plaintiffs have already endured a USPTO re-examination, erroneous claim construction, and bankruptcy of co-defendant Mako Products with whom the rental houses chose to do business. Further delays in allowing Plaintiffs' MSJ simply allows Defendants more delays while they promote the MakoHead, which is an infringing action within itself. Defendants cannot claim no knowledge of infringement as they have, and have had access to, for many years, the key infringement evidence, the video tape of their own expert and MakoHead engineer, Tom Smith, showing how the MakoHead infringes Plaintiffs' patent, and filed under seal as approved by the court in Dkt. 476.

Infringement can be summarily adjudicated without the need to educate a lay jury as to the technology involved. Judicial economy demands Plaintiffs' MSJ be heard as the next step in this case.

Upon a successful infringement MSJ, and with discovery being re-opened now, hopefully the parties can come to a settlement after the MSJ and avoid a jury trial on damages. If unsuccessful in their MSJ, Plaintiffs request a jury trial on infringement and then liability if necessary.

With case law for claim construction and other areas changed since 2008, Defendants cannot ask the Court to rely on papers filed six years ago. Defendants' proposal is convoluted construing 16 claim terms, an MSJ fraught with questions of fact on infringing activity which is disputed on its face, and reverse bifurcation based on Defendants' statement of non involvement, proved here to be false.

**Defendants' Proposal**

Defendants contend that the procedural history of this case must influence the remainder of its course.

When the District Court issued its Markman order on June 4, 2009, it only construed one term, "payload platform." (Dkt 328.) Because construction in favor of Defendants was dispositive, the Court did not address the other disputed terms. *Id.* Co-pending at the time of the Markman decision was the Rental House Defendants' Motion for Summary Judgment. (See Dkt 265, 309, Minute Order of April 1, 2009, noting the impact of the forthcoming Markman decision on the pending substantive motions.) On June 22, 2009, the Court issued a minute order reasserting the decision of non-infringement and granted the Rental Houses' Motion for Summary judgment because Plaintiffs' infringement claims were then, moot. (Dkt. 334 "Defendants' motion for summary judgment regarding Rental Houses (docket #265) is hereby GRANTED as the Court's June 4, 2009, Markman Order renders plaintiffs' claims of direct and contributory infringement against said Rental House defendants moot and accordingly said claims are DISMISSED on that basis without consideration of the underlying merits of the summary judgment motion itself.")

On appeal, the Federal Circuit made three determinations affecting the continuation of this action. First, the Court of Appeal held that "'payload platform' means 'a three-dimensional structure upon which the payload (e.g., a camera) is directly mounted upon or affixed to.'" Second, the Federal Circuit noted that an infringement determination necessarily requires a two-step analysis. "First, 'the court determines the scope and meaning of the patent claims asserted,' and then compares the claims 'to the allegedly infringing devices.'" Third, the Court of Appeal noted that the District Court "will have the opportunity to afford a proper, and not unduly expansive, scope of discovery."

Based on the foregoing, Defendants propose the following course of action:

///

///

*Reconsideration of the Rental House Defendants' Motion for Summary Judgment*

The Court previously granted the summary judgment motion (Dkt. 265) without giving consideration to the underlying merits. Because the non-infringement determination has been remanded, the underlying merits of this motion are no longer moot. This motion has been fully briefed by both parties and because a determination in favor of the Rental House Defendants would resolve the case, considering this motion would be the most efficient means of concluding this matter. Also, because this motion has nothing to do with an infringement analysis (instead whether the Rental House Defendants' actions fall within the "make/use/sell" prohibitions of Patent Act), the need for further discovery, claim construction, an infringement analysis, and a determination of damages might be avoided. Therefore, the Rental House Defendants propose that the Court either reconsider the parties' briefing with regard to the foregoing motion, or grant the Rental House Defendants leave to file a motion to reconsider. In an effort to avoid additional cost borne by either party, the Rental House Defendants propose that a decision be made on the papers.

*Reverse Bifurcation*

If the Court is unwilling to reconsider the merits of the motion for summary judgment, or if such determination does not resolve the case, the Rental House Defendants contend that this case is ripe for reverse bifurcation.

As to Plaintiffs' quest for an injunction, The Rental House Defendants contend that because they do not have the Makoheads, are not offering the Makoheads for rent, and have not done so for years, Plaintiffs will not be able to secure an injunction. No ongoing harm is occurring.

Any other potential damages could be determined either on the papers or through a very short bench trial. The manufacturer is bankrupt, and only three regional Defendants remain. Thus, Plaintiffs' maximum potential entitlement to damages is limited to those lost profits or reasonable royalties specifically attributable to these particular Rental House Defendants. For purposes of determining damages, the Court and parties would assume for the limited purpose of this proceeding that the Rental House Defendants' activities infringe. This would obviate the

expenditure of party or judicial resources to determine liability. The Parties could engage in a limited exchange of documents, merely to supplement and update financial data. With access to the Rental House Defendants' financial data, and with obvious knowledge of their own, Plaintiffs would bear the burden of showing lost profits allegedly suffered at the hands of the remaining Rental House Defendants, or proving a reasonable royalty due by each remaining Defendant. The Court could consider the Rental House Defendants' arguments in response, and make a decision. If Plaintiffs fail to show entitlement to damages, the case would be concluded. Similarly, if the damages decision results in a figure that the Rental Houses can afford to pay, then payment of said damages would also resolve the case.

*Claim Construction*

If the case is not resolved by either of the two procedures proposed above, then the case could proceed to liability. The Rental House Defendants propose that the Court construe the claims in the following manner: (1) adopt the construction of "payload platform" as required by the Court of Appeal; then (2) construe the remaining terms according to the claim construction arguments already on record with this Court. With the exception of "payload platform," the Rental House Defendants contend that the Court already has extensive basis to construe the remaining claims by considering the submissions found at Docket entries 195, 196, 211, 212, and the related filings.

Merely acting as regional rental facilities, the Rental House Defendants lack the technical knowledge to engage in an entirely new Markman campaign regarding the products in dispute. Additionally, the Rental Houses lack the resources to pay counsel or experts to engage in such an endeavor. As noted by the Court of Appeal, however, if Plaintiffs seek an infringement determination, the District Court must engage in the first step of the analysis by construing the claims. Because these issues have already been fully briefed by the parties, the Rental House Defendants contend that the Court has ample basis to construe the remaining claims based on the papers and submit that holding a hearing is unnecessary.

///

///

*Infringement and Invalidity Motions*

Once the claims are construed, should Plaintiffs so choose, they should be permitted to bring their motion for partial summary judgment on the issue of infringement. At the same time, the Rental House Defendants should be permitted to bring a motion to invalidate the patent as anticipated and/or obvious in view of the prior art.

Invalidity was never at issue on appeal, and a final construction, as adopted by the Federal Circuit and this Court, could render the claims invalid in view of the prior art. (See Dkt 328, Court's adoption of narrow construction for "payload platform" because "[t]o hold otherwise would be to render large parts of the claims in the '662 patent invalid as being anticipated or rendered obvious by the prior art in Welch and Duckworth.")

*Discovery*

Pursuant to the Court's order of April 15, the Rental House Defendants have identified the already-produced, bates-stamped documents in its possession to determine whether each side is missing any documents. Plaintiffs identified that they were missing certain documents. The Rental House Defendants have re-produced these documents. However, Plaintiffs have not made any effort to identify the documents in their possession or afford the Rental House Defendants the same opportunity to identify documents that they may not have. The Rental House Defendants request that Plaintiffs be directed to do so.

As to reopening discovery entirely or seeking new discovery, the Rental House Defendants contend that either (1) the Court impose reasonable limits on the parties' ability to conduct discovery (reasonable limits may include limiting the scope of issues, setting a limited number of requests available to each side, limiting the number of depositions, and limiting the date for completion); or (2) bar further discovery until the issues above are resolved.

As to discovery on liability, if Plaintiffs continue to argue entitlement to partial summary judgment regarding infringement, then Plaintiffs necessarily believe they already have everything needed to prove the matter. Therefore, Plaintiffs should not be permitted to burden the Rental House Defendants with additional, unnecessary discovery on this matter.

///

Should the Rental House Defendants prevail on any of the dispositive issues above, there will be no need for any additional discovery. Should Plaintiffs prevail in obtaining an infringement determination, the need for discovery on the issue of liability would also be unnecessary, as already decided. However, should the case progress in any other manner, all Parties may need a reasonable opportunity to conduct a limited amount of discovery, on whatever issues might remain outstanding.

*Trial*

The Rental House Defendants hope that trial is unnecessary. However, if issues remain unresolved after the Court construes the claims and considers the issues above, the Rental House Defendants propose a short bench trial on all remaining issues.

Respectfully Submitted,

April 28, 2015                              **COAST LAW GROUP, LLP**

                                            By:    s/ Sean D. Flaherty
                                                   SEAN D. FLAHERTY, ESQ.
                                                   Email: Sean@CoastLawGroup.com
                                                   Attorneys for AIR SEA LAND
                                                   PRODUCTIONS, INC.,
                                                   CINEVIDEOTECH, INC., BLUE SKY
                                                   AERIALS, INC.

April 28, 2015                              **LAUSON & TARVER, LLP**

                                            By:    s/ Robert Lauson
                                                   ROBERT LAUSON, ESQ.
                                                   Email: bob@lauson.com
                                                   Attorneys for VOICE INTERNATIONAL,
                                                   INC.

April 28, 2015

                                            By:    s/ David Grober
                                                   DAVID GROBER, ESQ.
                                                   Email: davidgrober1@gmail.com
                                                   Plaintiff in *pro per*