IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

| | |
|---|---|
| David Grober, et al., | Case No. 2:04 CV 8604-JZ |
| Plaintiffs, | O R D E R |
| -vs- | JUDGE JACK ZOUHARY |
| Mako Products, Inc., et al., | |
| Defendants. | |

This Court has reviewed the Joint Case Management Statement (Doc. 492) submitted by the parties. Once again, it appears counsel have a difficult time communicating with each other, making the management of this case more difficult than necessary. In any event, after consideration of the positions of all parties, and in the interest of moving this case forward, the case schedule is as follows.

**Claim Construction**. The Court of Appeals has already construed the term "payload platform;" Judge Larson did not find the need to construe the remaining terms (Docs. 195–96 & 211–12). Defendants' request to revive a Markman hearing on these remaining terms is both tardy and unnecessary. Defendants were required some time ago to set forth specific terms that needed construction and now wish to simply "dump" briefing filed years ago without any hearing. In short, Defendants have not shown either a need to construe additional terms or to assist this Court with any updated briefing or argument. This Court agrees with Plaintiffs that "the issue of infringement is the issue at hand, not another Markman hearing" (Doc. 492 at 2).

**Injunctive Relief**. Plaintiffs claim that Defendants continue to offer the MakoHeads for rent; Defendants deny this claim. Defendants further contend they do not have MakoHeads and have not

done so for years. By **May 12, 2015,** Defendants shall file an affidavit confirming their position, which should end the need for an injunctive hearing. If Plaintiffs uncover evidence that Defendants have misrepresented the facts, then Plaintiffs may request leave to file a motion for injunctive relief or sanctions.

**Infringement**. Plaintiffs request leave to file a motion for partial summary judgment on the issue of infringement "because such a ruling would provide them protection against further MakoHead use" (Doc. 492 at 2). This Court having resolved the issue of alleged continued use of MakoHead (see paragraph above), motion practice is unnecessary. Further, Defendants have identified issues of fact that will make motion practice a further delay in the resolution of this lawsuit.

Both parties have indicated a desire to minimize the continued expense of this litigation, and to bring this matter to a prompt conclusion. Therefore, consistent with Federal Civil Rule 1, this Court will hold a bench trial on the issue of infringement to address the two-step analysis ordered by the Federal Circuit when this case was remanded. This will allow the parties to present this Court with those matters that remain at issue, update what are now "stale" pleadings and allow for a judicial determination of the merits. Whether this Court resolves the liability issue first or the damages issue first will be the subject of a further Phone Status scheduled for **Tuesday, May 12, 2015 at 9:00 a.m. (PDT)** (counsel instructed to use the District Court conference line). At that time, this Court will also schedule a firm date for the bench trial and a briefing schedule outlining the issues to be determined at that trial. Counsel should also be prepared to specifically identify any needed discovery prior to trial.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

May 5, 2015