1  Robert J, Lauson, Esq., No. 175,486
     bob@lauson.com
2  Edwin P. Tarver, Esq., No.  201,943
     Edwin@lauson.com
3  LAUSON & TARVER LLP
   880 Apollo St., Ste. 301,
4  El Segundo, CA.  90245
   Tel  (310) 726-0892. Fax  (310) 726-0893
5  Attorneys for Plaintiff  Voice International, Inc.

6
   David Grober
7  616 Venice Blvd.
8  Venice, CA.  90291
   Tel: (310) 822-1100
9  Email: davidgrober1@gmail.com
10 Plaintiff, Pro se

11

12              **UNITED STATES DISTRICT COURT**

13        CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

14

15 VOICE INTERNATIONAL, INC.            ) CASE NO.: CV04-8604 JZ(OPX)
                                        )
16   &                                  )
                                        )
17 DAVID GROBER,                        ) PLAINTIFFS' AND DEFENDANTS'
                                        ) JOINT DISCOVERY REQUEST
18           PLAINTIFFS,                )
                                        )
19      VS.                             )
                                        )
20                                      )
   MAKO PRODUCTIONS INC.; AIR           )
21 SEA LAND PRODUCTIONS, INC.;          )
   CINEVIDEO TECH, INC.;                )
22 SPECTRUM EFFECTS;  BLU SKY           )
23 AERIALS, INC., AND DOES 1- 10,       )
                                        )
24           DEFENDANTS                 )
                                        )
25 ─────────────────────────────────────)

26

27

28

                                    1

1    On May 20, 2015 the parties held a telecom with the Honorable Judge
2  Zouhary.  Scheduling dates were discussed and agreed upon.  Plaintiffs prepared this
3  motion in conjunction with Defendants' counsel, who approved submitting it as a
4  joint request from Plaintiffs and Defendants.  This motion is to request assistance
5  obtaining court discovery documents relevant to this case and agreed changes to
6  scheduling as discussed in the teleconference.

7    **Exchange of Missing Documents:**  The Court ordered, "counsel shall confer
8  regarding document discovery that has been produced and provide each other with
9  any missing documents".  The parties have exchanged bates numbers and are sending
10  the other side missing documents. As to bates numbered documents, this will finish
11  by June 30th.

12    Pertaining to non bates numbered documents, the process overall has hit a
13  significant snag in creating a mirror set of documents.  Defendants' former counsel,
14  Varnell and Warwick, provided discovery some with bates #'s, some without, emails
15  were split apart mid page, many documents were duplicates and could be referenced
16  by more than one bates number.

17    Plaintiffs have spent over 12 hours trying to help determine which non bates
18  numbered documents match with bates numbered ones held by Defendants so a
19  mirror set can be created. Statistically, it's hundreds of thousands of comparisons,
20  plus numerous non-bates numbered docs are embedded in Plaintiffs work product
21  with notations.   It's an overwhelming if not impossible task for Plaintiffs to
22  determine if Defendants' transfer is accurate.

23    Plaintiffs and Defendants agree upon a simple solution that will require a court
24  order.  Plaintiffs, seeing this problem in 2008, stated in their motion to compel, Dkt #
25  233: "It is hoped the Court will order all Defendants, whom are all represented by the
26  same counsel, to produce a **single, properly designated set of discovery documents,**
27  **photographs, video and film,** which can be used by Plaintiffs and in trial without
28  confusion".

Plaintiffs and Defendants jointly request Judge Zouhary enact this request and order Varnell and Warwick to produce a **single, properly designated set of discovery documents, including photographs and video.**  Varnell and Warwick should have all the documents, and the only question is if they have turned them all over to Coast Law Group.

**All Document Discovery Completion Date:**  The Court Order stated "All document discovery shall be completed by June 30, 2015, including any issues relating to third-party document production."  Plaintiffs in the telecom stated they didn't see how all document discovery could be completed by June 30th.  The first document production in seven years will just be forthcoming on June 30th.  How could it be reviewed and follow up discovery be completed on the same day?  Furthermore third party discovery based upon that production, as well as third party documents which this court ordered preserved by the purchasers of assets from Mako Products, Inc., is just initiating.

The parties agree that document discovery shall be completed 90 days after the purchasers of the assets of Mako Products Inc., the Kleins and John Dann, have produced the evidence this Court and the Bankruptcy Court concurred and ordered preserved for use in this case.  Relevant to this are:

1.  The Court in Dkt # 457 stated;

> "this Court already ordered that parties to this litigation must adhere to their obligation to preserve all potential evidence (Doc. 436). And,
> Plaintiff's Motion acknowledges that "the Bankruptcy Judge made clear that the buyers [of the MakoHead products], take on this responsibility" (Doc. 455 at 2). This Court reaffirms its prior Order
> that evidence relevant to this litigation be preserved, but declines Plaintiff's request to order the U.S. Marshall to take physical custody of the evidence."

2. Plaintiffs served a subpoena for the documents from the Kleins and John Dann on June 10, 2015.  Their response stated that they sold the documents to a Bahamian corporation.  However it's believed the Bahamian corporation is simply another sham offshore corporation set up by the Kleins and Dann to shield the documents from discovery.  All of this information was previously stated to this court when Plaintiffs requested this Court order the seizure of the evidence to prevent exactly the problems that are now occurring.

3. This Court stated in the telecom that should there be any problems obtaining discovery, the parties should come back to the Court for assistance.

Plaintiffs and Defendants worked on this statement jointly, and jointly[1] request the Court to order Jordan Klein Sr., Jordan Klein Jr., and John Dann, as purchasers of the Mako assets to: produce all documents potentially relevant to this case and provide it within 15 days to Plaintiffs and Defendants.   Plaintiffs' subpoena and the Kleins and Dann response is herein attached as Exhibit A.

**Date to seek leave to file an MSJ.**  As stated in the telecom, Plaintiffs wish to seek leave to file a motion for summary judgment after June 30, 2015.  The Court's order seems to have accidently stated July 30, and it is wished that this be corrected.

If the Court should object to any request herein, the parties request a teleconference.

Dated: _June 26, 2015_                    _____

David Grober
*In pro per*

---

[1]  In a June 26, 2015 email Defendants' counsel stated "I am comfortable with the representation that this is a joint request and David is welcome to present it as such."

Robert J, Lauson, Esq., No. 175,486
  bob@lauson.com
Edwin P. Tarver, Esq., No.  201,943
  Edwin@lauson.com
LAUSON & TARVER LLP
880 Apollo St., Ste. 301,
El Segundo, CA.  90245
Tel  (310) 726-0892. Fax  (310) 726-0893
Attorneys for Plaintiff  Voice International, Inc.

David Grober
616 Venice Blvd.
Venice, CA.  90291
Tel: (310) 822-1100
Email: davidgrober1@gmail.com
Plaintiff, Pro se

## UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| VOICE INTERNATIONAL, INC. & DAVID GROBER, <br><br> PLAINTIFFS, <br><br> VS. <br><br> MAKO PRODUCTIONS INC.; AIR SEA LAND PRODUCTIONS, INC.; CINEVIDEO TECH, INC.; SPECTRUM EFFECTS;  BLU SKY AERIALS, INC., AND DOES 1- 10, <br><br> DEFENDANTS | CASE NO.: CV04-8604 JZ(OPX) <br><br> [PROPOSED] COURT ORDER RE DISCOVER, SCHEDULE AND COMPELLING PRODUCTION OF DOCUMENTS |

///

///

1

The parties conferred and agreed and submitted a joint request for conducting discovery, the schedule for same, and documents needed including from former counsel.  Good cause existing, the Court makes the following order:

1.  The parties will complete the exchange of unproduced Bates numbered documents by June 30, 2015.

2.  The Court orders former defense counsel, Varnell & Warwick LLP to provide, a single set, bates numbered, of all the discovery documents in its possession, custody or control, including photographs and video, that pertain to this case, and shall do so within _____ days.

3.  The purchasers of the assets of Mako Products, Inc., under the order of this Court and the United States Bankruptcy Court in the Middle District of Florida, were ordered to preserve all potential evidence in this case, and are hereby ordered to produce all of that potential evidence, properly Bates numbered, to Plaintiffs and Defendants within 15 days of this Order.  The cost of such production to be born by the purchasers of Mako's assets.

4.  Document discovery will end 90 days after the evidence from the purchasers of Mako Products, Inc, is properly produced.

///
///
///
///
///
///

5.   Plaintiffs may seek leave to file a motion for summary adjudication of liability for infringement after June 30, 2015.

IT IS SO ORDERED.

Date:   _____          _____

U. S. District Judge

Presented By:

David Grober, Plaintiff

3