Robert J, Lauson, Esq., No. 175,486
  bob@lauson.com
Edwin P. Tarver, Esq., No. 201,943
  Edwin@lauson.com
LAUSON & TARVER LLP
880 Apollo St., Ste. 301,
El Segundo, CA. 90245
Tel  (310) 726-0892
Fax (310) 726-0893
Attorneys for Plaintiff Voice International, Inc.

David Grober
616 Venice Blvd.
Venice, CA. 90291
Tel: (310) 822-1100
Email: davidgrober1@gmail.com
Plaintiff, Pro se

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| VOICE INTERNATIONAL, INC. & DAVID GROBER, <br><br> PLAINTIFFS, <br><br> VS. <br><br> MAKO PRODUCTIONS INC.; AIR SEA LAND PRODUCTIONS, INC.; CINEVIDEO TECH, INC.; SPECTRUM EFFECTS; BLU SKY AERIALS, INC., AND DOES 1- 10, <br><br> DEFENDANTS | CASE NO.: CV04-8604 JZ(OPX) <br><br> PLAINTIFFS' SECOND REQUEST FOR THE COURT TO ORDER THE KLEINS AND JOHN DANN PRODUCE DOCUMENTS THIS COURT TWICE PREVIOUSLY ORDERED PRESERVED FOR THIS CASE. |

In the recent "Plaintiffs' and Defendants' Joint Discovery Request" Doc 501, the parties requested the Court to order the production of the documents held by Mako Products, Inc., and which were sold to Mako's owners, Jordan Klein Sr., Jordan Klein Jr., and Mako's office manager John Dann. This Court on two occasions ordered the documents preserved for use in this case.

Now, when the parties wish to obtain those documents, and Plaintiffs subpoenaed them, the Kleins and Dann have stated they do not have the documents and they are in a Bahamian Corporation, which they themselves formed, apparently to further frustrate discovery production. This is a continuation of the abuse the Kleins and Dann have engaged in to sequester these specific documents for the past seven years.

Wherein the Court's order, Dkt. # 502, did not address this issue which was briefed, Plaintiffs, after conferring with Defendants, hereby request the Court to Order Jordan Klein Sr., Jordan Klein Jr. and John Dann produce the documents which they have put into their own foreign corporation and then stated; "We do not have possession of information requested". (Take judicial notice of Exhibit A, Dkt. #501.) Lack of access to these documents continues to stall this case.

Plaintiffs' and Defendants' joint request, Dkt. #501 read:

The parties agree that document discovery shall be completed 90 days after the purchasers of the assets of Mako Products Inc., the Kleins and John Dann, have produced the evidence this Court and the Bankruptcy Court concurred and ordered preserved for use in this case. Relevant to this are:

1. The Court in Dkt # 457 stated;

> "this Court already ordered that parties to this litigation must adhere to their obligation to preserve all potential evidence (Doc. 436). And, Plaintiff's Motion acknowledges that "the Bankruptcy Judge made clear that the buyers [of the MakoHead products], take on this responsibility" (Doc. 455 at 2). This Court reaffirms its prior Order that evidence relevant to this litigation be preserved, but declines Plaintiff's request to order the U.S. Marshall to take physical custody of the evidence."

2. Plaintiffs served a subpoena for the documents from the Kleins and John Dann on June 10, 2015. Their response stated that they sold the documents to a Bahamian corporation. However it's believed the Bahamian corporation is simply another sham offshore corporation set up by the Kleins and Dann to shield the documents from discovery. All of this information was previously stated to this court when Plaintiffs requested this Court order the seizure of the evidence to prevent exactly the problems that are now occurring.

3. This Court stated in the telecom that should there be any problems obtaining discovery, the parties should come back to the Court for assistance.

Plaintiffs and Defendants worked on this statement jointly, and jointly[1] request the Court to order Jordan Klein Sr., Jordan Klein Jr., and John Dann, as purchasers of the Mako assets to: produce all documents potentially relevant to this case and provide it within 15 days to Plaintiffs and Defendants. Plaintiffs' subpoena and the Kleins and Dann response is herein attached as Exhibit A."

Conclusion: The Court needs to order the documents to be produced by the Kleins and John Dann, or whomever the Court deems the responsible party for their production. Plaintiffs request the Court to again confirm that all documents related to this case are to be preserved.

Dated: July 14, 2015       By: _____
                               David Grober. Plaintiff Pro se.

---

[1]. In a June 26, 2015 email Defendants' counsel stated "I am comfortable with the representation that this is a joint request and David is welcome to present it as such."

# PROOF OF SERVICE

I am over the age of eighteen (18) years, employed in the County of Los Angeles, and not a party to the above-entitled action. My business address is 880 Apollo Street, Suite 301, El Segundo, CA 90245 On June 30, 2015 I served **PLAINTIFFS' SECOND REQUEST FOR THE COURT TO ORDER THE KLEINS AND JOHN DANN PRODUCE DOCUMENTS THIS COURT TWICE PREVIOUSLY ORDERED PRESERVED FOR THIS CASE** and **[PROPOSED] COURT ORDER RE COMPELLING PRODUCTION OF DOCUMENTS** addressed as follows to:

| | |
|---|---|
| David Peck, Esq.<br>Coast Law Group LLP<br>1140 S. Coast Hwy., Suite 101<br>Encinitas, CA 92024 | **Matt Kutcher**<br>**Spectrum Effects**<br>**5739 G Street**<br>**Harahan, LA 70123** |

☒ **BY MAIL**: I am readily familiar with the Firm's practice of collecting and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on the same day with a postage thereon fully prepaid at El Segundo, California, in the ordinary course of business. I am aware that, on the motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one (1) day after the date of deposit for mailing shown on this proof of service.

☐ **BY FEDERAL EXPRESS/OVERNIGHT DELIVERY**: I caused a copy of such document to be sent via overnight delivery to the office(s) of the addressee(s) shown above.

☐ **BY ELECTRONIC MAIL**: I caused a copy of such document to be sent via ELECTRONIC MAIL to the office(s) of the addressee(s) at the e-mail address(es) shown below.

☐ **BY FACSIMILE**: I caused a copy of such document to be sent via facsimile machine to the office(s) of the addressee(s) at the phone number(s) shown above.

☐ **BY PERSONAL SERVICE**

   ☐ FEDERAL COURT: I caused such envelope to be delivered by hand to the offices of the addressee(s).
   ☐ STATE COURT: I caused such envelope to be delivered by hand to the offices of the addressee(s).

☒ **FEDERAL**: I declare, under penalty of perjury that the foregoing is true and that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on July 15, 2015, at El Segundo, California.

_____
Valerie J Nichols