IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION



FILED
CLERK, U.S. DISTRICT COURT
08/09/2016
CENTRAL DISTRICT OF CALIFORNIA
BY: ____VP____ DEPUTY

| | |
|---|---|
| David Grober, et al., | Case No. 2:04 CV 8604 JZ (DTBx) |
| Plaintiffs, | CONSENT JUDGMENT ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Mako Products, Inc., et al., | |
| Defendants. | |

This action has come before this Court, upon the pleadings and proceedings of record, and it has been represented to this Court that Plaintiffs David Grober and Voice International, Inc. ("Plaintiffs"), and Defendants Air Sea Land Productions, Inc., CineVideoTech, Inc. and Blue Sky Aerials, Inc. ("Defendants"), have agreed to a compromise and settlement of this Civil Action that includes entry of judgment and an injunction on the terms provided below.  (Note: Paragraph 8 has been deleted from Doc. 575-1 pursuant to Doc. 576, 591–92.)

    1.    This Court has jurisdiction over the parties and subject matter of this action for patent infringement.

    2.    Defendants acknowledge and agree that the MakoHead sensor based camera stabilization platform manufactured by Mako Products, Inc. (the "Infringing Products") is covered by one or more claims of, and thus infringed, Plaintiffs' U.S. Patent No. 6,611,662 (the "'662 patent").

    3.    Defendants agree that this Order represents a final adjudication of, and will bar Defendants from litigating, the defenses of unenforceability and invalidity of the '662 patent in future proceedings.  Further, Defendants agree to and hereby waive and relinquish the right to contest or

challenge the validity and/or enforceability of the '662 patent or any claims of the '662 patent, whether such assertion of invalidity and/or unenforceability would be made in a Court or United States Patent and Trademark Office proceeding, and whether or not such assertion is in relation to products at issue in this case or in relation to any other products that may be imported, made, used, offered, rented, leased or sold by Defendants.  It is the intent of the parties that, to the fullest and broadest extent permitted by law, Defendants are precluded from challenging the validity and enforceability of the '662 patent or any claim of the patent, and that such preclusion is acknowledged and intended to be broader than the prohibition on such challenges arising from the doctrine of claim preclusion (res judicata) and/or issue preclusion (collateral estoppel).

      4.      Defendants further agree not to challenge or cause to be challenged, directly or indirectly, the validity or enforceability of the '662 patent in any court or government agency, including the United States Patent and Trademark Office.  As to the '662 patent only, Defendants waive any and all invalidity and unenforceability defenses in any future litigation, arbitration, IPR or other proceeding.  This waiver applies to any product made, used, or sold by Defendants or any of their assignees, successors or those who act for or in concert with any of them at any time during the life of the '662 patent.

      5.      Defendants, their officers, directors, employees, agents, representatives, subsidiaries, affiliates and related companies, together with all those persons acting in concert or participation with any of them, are hereby enjoined from the date of entry of this Order until expiration of the '662 patent from using, manufacturing, importing, selling, leasing, renting or offering for sale in the United States the Infringing Products and any alterations thereof that are not substantially different.

6. Judgment is entered in favor of Plaintiffs against Defendants in the amount of One Hundred Thirty-Two Thousand Dollars ($132,000). Defendants have made three installment payments as follows: $44,000 on May 6, 2016, $44,000 on June 6, 2016, and $44,000 on July 6, 2016. Defendants are jointly and severally liable for payment of the entire $132,000 amount to Plaintiffs.

7. Except as otherwise provided herein, all other claims in this Civil Action pertaining to Defendants Air Sea Land Productions, Inc., Blue Sky Aerials, Inc., and CineVideoTech, Inc. are hereby dismissed with prejudice, and each party shall bear its own costs and attorney fees in this Civil Action.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

August 9, 2016